Todd E. Zenger (5238)
DUREN IP
610 E. South Temple Street, Suite 300
Salt Lake City, Utah 84102
Phone: (801) 869-8535
Email: tzenger@durenip.com

Attorney for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| CRIMINAL PRODUCTIONS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> DOES 1-32, <br><br> Defendants. | Civil Action No. 2:17-cv-00550-DBP <br><br> Magistrate Judge Dustin B. Pead <br><br> **REQUEST OF DISMISSAL WITH PREJUDICE PURSUANT TO FRCP 41(a)(2) AS TO DOE 15 (IP 70.57.92.179)** |

Pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, Plaintiff, Criminal Productions, Inc., by and through its counsel of record, requests that Defendant John Doe 15, the subscriber assigned IP address 70.57.92.179, be dismissed with prejudice from the above-captioned matter and states:

  A. <u>Concise Statement of Facts</u>

Plaintiff has been diligent in trying to identify and verify the infringing user of IP 70.57.92.179 so as to avoid unnecessary fees, costs and expenses**.**  Defendant has unreasonably withheld the identity and verification of conduct related to the observed infringement.  Because Defendant has unnecessarily multiplied proceedings Plaintiff does not wish to burden the court with continued litigation as to Mr. Brinkley, verified subscriber of IP 70.57.92.179.

    B.    <u>Specific Relief Requested</u>

Plaintiff requests that this action be dismissed as to DOE 15 (IP 70.57.92.179), identified as Darren Brinkley.

## ARGUMENT POINTS AND AUTHORITIES

Rule 41(a)(2) permits a party to dismiss an action voluntarily "only by court order, on terms that the court considers proper." *Brown v. Baeke*, 413 F.3d 1121, 1123 (10th Cir. 2005) (internal citation omitted). But "[a]bsent legal prejudice to the defendant, the district court normally should grant such a dismissal." *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997) (internal quotation marks omitted). "The parameters of what constitutes 'legal prejudice' are not entirely clear, but relevant factors the district court should consider include: the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for a dismissal; and the present stage of litigation." *Id*. at 1537.

### Plaintiff Has Been Diligent in this Case

In January 2017, someone using Defendant's internet regularly infringed Plaintiff's copyrighted work, *Criminal*.[1]  Specifically, Plaintiff's investigator, MaverickEye UG, using its infringement detection system discovered that IP address 70.57.92.179 was downloading and distributing the motion picture *Criminal*.  This is evidenced by infringement capture logs, which detail the exact dates and times of each infringing transaction. Additionally, between August 2016 and January 2017, BitTorrent activity involved the participation of the IP address within swarms distributing third party works, all emanating from Defendant's IP address.

---

[1] *Criminal* is an American-British action crime thriller drama film directed by Ariel Vromen and written by Douglas Cook and David Weisberg. The film is about a convict who is implanted with a dead CIA agent's memories to finish an assignment. The film stars Kevin Costner, Gary Oldman, and Tommy Lee Jones.  This motion picture was produced by Plaintiff at great expense.

2

In light of the foregoing evidence and in an effort to stop the infringement, Plaintiff filed the instant lawsuit and sought a discovery Court order permitting discovery of the Internet Service Provider to obtain the subscriber's true identity. After obtaining such a court order and serving a third-party subpoena, the Internet Service Provider confirmed that IP address 70.57.92.179 was assigned to Defendant Darren Brinkley at an exact moment in time in which the IP address distributed a piece of the work to Plaintiff's investigator.

Between July and December 2017, Defendant denied the infringement and insisted that he believed the infringer was another individual residing in his home. In an effort to resolve the matter, Plaintiff repeatedly requested exculpatory evidence, an affidavit wherein Defendant professed his innocence, and any information he could provide which would allow Plaintiff to identify the infringer.

To avoid burdensome, unnecessary, and costly litigation, Plaintiff actually advised Defendant on December 22, 2017 that he was under no obligation to litigate. Indeed, on December 22, 2017, undersigned advised Defendant that he was released from any obligation to respond to the Complaint or proceed with litigation or motion practice. Further, Plaintiff relieved Defendant of any requirement to respond to the summons and guaranteed that no default would be taken:

> No response is necessary at this time. Let's see if we can settle this matter.
>
> My client grants an open-ended extension of time for responding to the summons; a release is given of any obligation to respond to the summons and there is no obligation to respond during good faith settlement discussions. My client will not seek any default during settlement negotiations and will not seek default in the future without giving an opportunity to respond to the summons and complaint, if needed. Therefore, there is no need to file any motions or responses at this time. My client seeks to avoid any

3

> unnecessary fees, costs and expenses related to further legal proceedings.

Dec. 22, 2017 email from Todd Zenger to Greg Hoole, Ex. 1 hereto.  Plaintiff did so in an effort to quickly identify the infringer, as counsel for Plaintiff explained to counsel for Defendant:

> For you[r] information, prior to your contacting me, Mr. Brinkley contacted me directly.  He informed me that he had a roommate at the time in question.  I requested that Mr. Brinkley provide me the name and contact in formation of that roommate.  I request it again.
>
> My client needs information and documentation as to the nature of the family/household/guests/roommates/users of Internet over the identified IP service.  Which parents/guests/children/etc. and their ages access the Internet, particularly in the time frame in question?  What electronic devices in the household connect to the Internet?  Is a password required to access the Internet?  Who manages access?  If it was not directly the subscriber, please provide the contact information of the users authorized to use the Internet at the time in question and I will follow up with them.  If not, I am left to follow up with the subscriber to address the infringement observed over the Internet under the subscriber's control.
>
> I am confident that we can settle this matter quickly without the need of any further legal filings or proceedings.

*Id.*  Defendant accepted the extension: "Thank you for your professional courtesy in granting an extension."  *Id.*  Contrary to the agreed-upon extension, without notice to Plaintiff, Defendant filed an Answer and Counterclaim on January 12, 2018.

Plaintiff continued to be diligent in attempting to dismiss Mr. Brinkley.  Specifically, on January 12, 2018, Plaintiff again requested verified evidence that Mr. Brinkley was not the infringer so he could be dismissed without delay from the action,  Plaintiff explained:

> My client remains desirous to settle.  Here is the issue.
>
> Mr. Brinkley controls  IP 70.57.92.179 via his Internet access password.  He asserts he is not the infringer.  He admits that others have used  IP 70.57.92.179.  To test Mr. Brinkley assertion, my

4

> client had hoped to be able to informally identify the other users of IP 70.57.92.179 so that if another is identified as the actual infringer Mr. Brinkley would be dismissed as I promised you earlier.
>
> If Mr. Brinkley persists in withholding the identity of other persons whom he authorized to use his Internet by giving them the access password, he is facilitating infringement and should also be liable for infringement. Mr. Brinkley cannot withhold those identifications from my client in discovery with impunity.
>
> We can try to get to the bottom of this now, informally, or we can proceed in costly, formal discovery and get to the bottom of it after that.
>
> Provided Mr. Brinkley is not the infringer, which is not yet established, my client is anxious to excuse him from the case. We have evidence that my client's movie was being shared in a torrent swarm over IP 70.57.92.179 controlled by Mr. Brinkley. Mr. Brinkley uses IP 70.57.92.179. My client has been provided no corroborative evidence that Mr. Brinkley was not the user at the alleged time of infringement. He has provided no evidence of use by others. As it stands, my client has a prima facie claim of infringement as to Mr. Brinkley. It is highly unlikely that the court will award attorney's fees to Mr. Brinkley for my client's pursuing a prima facie claim. If discovery establishes that he is not the infringer, he will be forthwith dismissed. However, if he persists in refusing to cooperate in identifying the infringer in discovery my client will ask the court via sanction to deem Mr. Brinkley the infringer.
>
> All this procedure is unnecessary. My client wishes and requests that unnecessary, multiplied proceedings be avoided by working together now as to the identity of the other users of IP 70.57.92.179 so resolution or liability as to Mr. Brinkley can be achieved expeditiously.

January 12, 2018 email from Todd Zenger to Greg Hoole, Ex. 2 hereto. Plaintiff also explained:

> To date, there is zero evidence of hacking. Absent such, Mr. Brinkley himself, or his permitted/authorized user, participated in a torrent swarm. If he attempts to hide the other, potential infringers he is subject to sanctions. (*Cf. Killer Joe v. Doe*, 6:15-cv-00494: contempt order and sanctions against subscriber for not participating in identifying infringer, see copy attached).

5

> My client remains anxious to resolve this infringement matter as indicated in my January 12, 2018 6:22 PM email.

January 15, 2018 email from Todd Zenger to Greg Hoole, Ex. 3 hereto (referenced case attached as Ex. 4 hereto).

Despite Plaintiff's efforts to dismiss Mr. Brinkley expeditiously, Defendant unilaterally multiplied proceedings thereafter by insisting on scheduling a Rule 16 conference, preparation of a 26(f) report, and ultimately seeking a court discovery order.

On January 26, 2018 after the Rule 16 conference, Plaintiff again sought to excuse Mr. Brinkley from the case without payment of any money to Plaintiff:

> In the alternative, if defendant provides a sworn statement as to his lack of involvement and the names and contact information of *those* persons authorized to use IP 70.57.92.179, Criminal Productions will dismiss Mr. Brinkley with prejudice without payment of a monetary sum. In this way, this matter can be totally resolved as to Mr. Brinkley with a matter of a few days.

January 26, 2018 email from Todd Zenger to Greg Hoole, Ex. 5 hereto. However, Defendant withheld the requested information and began pursuit of discovery. On February 2, 2018, Plaintiff again sought to terminate this proceeding:

> Nevertheless, in the spirit of compromise, I am authorized by Criminal Productions to avoid further pleadings and discovery as follows. Criminal will dismiss this matter as to Mr. Brinkley and require no monetary damage if (1) Mr. Brinkley is able to and does provide a sworn declaration establishing under oath his lack of involvement in the alleged infringement, and (2) covenants to refrain from participating in unlicensed bittorrent exchanges of the movie *Criminal*. This allows my client to control its movie and avoid further proceedings for all involved.

February 2, 2018 email from Todd Zenger to Greg Hoole, Ex. 6 hereto. Defendant again withheld the desired proof of exculpatory evidence.

### Evidence Establishes that Defendant's Roommate may be the Infringer
### And Plaintiff Does Not Desire to Proceed Against an Innocent Party

Finally, on March 16, 2018, after Defendant had filed his Answer, Defendant sent Plaintiff his Initial Disclosure pursuant to Fed. R. Civ. P. 26(a), wherein he named his roommate. After investigating Defendant's roommate, Plaintiff was of the position that discovery may show that Defendant's roommate was the infringer. Indeed, there is a correlation between the roomate's publicly declared interests in social media and the content listed in MaverickEye's additional evidence. As such, Plaintiff no longer believes that Defendant is the infringer. In light of the foregoing, Plaintiff drafted an exculpatory declaration for Mr. Brinkley.[2] However, Mr. Brinkley has not signed the declaration or any other exculpatory declaration to date.

### This Case Has Involved Minimal Effort and Expense

This case is still in its early stage. Indeed, it only just entered the discovery phase, and thus "no substantial discovery has occurred." *Varney v. Target Corp.*, No. 1:15-CV-64-TC, 2016 U.S. Dist. LEXIS 48592, at *4 (D. Utah Apr. 11, 2016) (granting motion to dismiss). In addition, nothing in the record suggests that Defendant was required to incurr considerable expense. *Id*.

To the extent Defendant believes he incurred substantial expense, as Plaintiff's actions in this case illustrate, Plaintiff took every measure to avoid unnecessary, unreasonable fees, costs and expenses. However, Defendant multiplied the proceedings unnecessarily. Plaintiff does not wish to pursue the course being foisted upon it by Defendant's unilateral obstinance and unnecesarily multiplied proceedings. Further, Defense counsel recently advised that she will represent Defendant's roommate, and therefore, any minimal amount of discovery completed in this case could potentially be used by Defendant's roommate.

---

[2] Plaintiff's counsel drafted the declaration to further avoid any expense to Defendant.

7

Based upon these factors, dismissal is appropriate and will not result in prejudice to the Defendant and Plaintiff's Rule 41(a)(2) motion to dismiss should be granted consistent with Plaintiff's December 22, 2017 release.

On Monday, April 30, 2018, counsel for Plaintiff conferred with counsel for Defendant regarding the relief sought in this motion. Counsel for Defendant advised that she would oppose this motion.

DATED: May 7, 2018.

          DUREN IP

By:   /s/Todd E. Zenger
      Todd E. Zenger

      Attorneys for Plaintiff
      Criminal Productions, Inc.