Todd E. Zenger (5238)
DUREN IP
610 E. South Temple Street, Suite 300
Salt Lake City, Utah 84102
Phone: (801) 869-8538
Email: tzenger@durenip.com

Attorneys for Defendant

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| CRIMINAL PRODUCTIONS, INC.,<br><br>           Defendant,<br><br>vs.<br><br>DOES 1- 32,<br><br>           Defendants. | Civil Action No. 2:17-cv-00550-DBP<br><br>Magistrate Judge Dustin B. Pead<br><br>PLAINTIFF'S MOTION TO DISMISS THE COUNTERCLAIM OF DOE 15 IP 70.57.92.179 DARREN BRINKLEY FOR LACK OF SUBJECT MATTER JURISDICTION |

Plaintiff, Criminal Productions, Inc., by and through its attorney, pursuant to FRCP 12(b)(1), seeks dismissal of Defendant's counterclaim of Declaratory Judgment of Non-infringement.

**I.     INTRODUCTION**

A.  Concise Statement of Facts

Defendant's declaratory judgment of noninfringement counterclaim is unnecessary because it merely restates his denial of Plaintiff's copyright infringement claim. Numerous courts have dismissed such counterclaims that are, in truth, answers or defenses since they are not independent pieces of litigation.  Because Plaintiff has already filed a motion to voluntarily dismiss its infringement claim and has also given Defendant an unequivocal covenant not to sue

Defendant for the copyright infringement that is the subject of the instant lawsuit, Defendant's counterclaim lacks subject matter jurisdiction.

B.  Relief Requested

The Court should dismiss Counter-Plaintiff's claim for declaratory judgment of noninfringement.

## II.    LEGAL STANDARD

Federal district courts are courts of limited jurisdiction. *Finley v. United States*, 490 U.S. 545, 547-48, 109 S. Ct. 2003, 104 L. Ed. 2d 593 (1989). "Article III of the United States Constitution strictly circumscribes federal court jurisdiction to cases or controversies." *Nat'l Cable TV Coop. v. Lafayette City-Parish Consol. Gov't of Lafayette*, No. 10-2254-KHV-DJW, 2010 U.S. Dist. LEXIS 124387, at *10-11 (D. Kan. Nov. 23, 2010), citing U.S. Const. art. III § 2, cl. 1. "[C]laims for declaratory judgment are authorized by the Declaratory Judgment Act, 28 U.S.C. § 2201 ("DJA"), which incorporates the Article III case-or-controversy requirement." *Nat'l Cable TV Coop. v. Lafayette City-Parish Consol. Gov't of Lafayette*, No. 10-2254-KHV-DJW, 2010 U.S. Dist. LEXIS 124387, at *10 (D. Kan. Nov. 23, 2010).

To survive a motion to dismiss, a party seeking a declaratory judgment must overcome two separate hurdles. *Surefoot LC v. Sure Foot Corp.*, 531 F.3d 1236, 1240 (10th Cir. 2008). First, "a declaratory judgment plaintiff must present the court with a suit based on an actual controversy, a requirement the Supreme Court has repeatedly equated to the Constitution's case-or-controversy requirement." *Surefoot LC v. Sure Foot Corp.*, 531 F.3d 1236, 1240 (10th Cir. 2008). "Second, even where a constitutionally cognizable controversy exists, the Act stipulates only that district courts may […] make a declaration on the merits of that controversy[.]" S*urefoot LC v. Sure Foot Corp.*, 531 F.3d 1236, 1240 (10th Cir. 2008).

### III. FACTUAL BACKGROUND

Defendant, Mr. Brinkley, filed his counterclaim of declaratory judgment of noninfringement in response to Plaintiff's copyright infringement claim. Criminal Productions is the owner of right title and interest in United States Copyright Reg. No. 1-984-029 for the motion picture titled *Criminal*. See Complaint, ECF 2.

In 2017, Criminal Productions observed its movie *Criminal* being copied and distributed without authorization by a computer device using IP address 70.57.92.179 within a BitTorrent swarm. The Internet Service Provider identified Darren Brinkley as the subscriber assigned IP address 70.57.92.179 during a date and time of recorded infringement. Criminal Productions, through counsel, communicated with Mr. Brinkley inn 2017 advising him of infringing activity over his Internet service. Plaintiff subsequently served the Complaint against Defendant alleging copyright infringement of its work over the BitTorrent network. Defendant countersued seeking a declaratory judgment of noninfringement.

Thereafter, Defendant commenced unreasonable and unnecessary multiplication of proceedings. Indeed, in 2017 Criminal Productions granted Defendant an open-ended extension to file an Answer and a covenant that it would not seek a default judgment while the parties attempted to resolve the matter. Since Defendant denied infringement and claimed that another was the true infringer, Plaintiff only sought the identity of the other person and a simple sworn declaration wherein Mr. Brinkley stated his belief that another was the infringer. Plaintiff guaranteed that if the above information could be provided, it would immediately dismiss Defendant from this case.

Rather than provide any of the above information and keep litigation costs down, Defense counsel unreasonably and unnecessarily multiplied the proceedings by filing an Answer, forcing a Rule 16 conference and drafting a 26(f) discovery plan, and by propounding discovery on Plaintiff and by seeking third party discovery via subpoena. In short, Criminal Productions sought to avoid fees, costs and expenses by identifying the true infringer. Defendant concealed and continued to conceal potential infringers until after filing his Answer and commencing needless discovery.

Indeed, Mr. Brinkley finally revealed the identity of another person when he disclosed his roommate's identity in his Initial Disclosures on March 16, 2018. After receiving the March 16, 2018 disclosure and investigating Defendant's roommate, Plaintiff was of the position that discovery may likely show that Defendant's roommate was the infringing user of IP 70.57.92.179. Indeed, there is a correlation between the roomate's publicly declared interests in social media and the content listed in MaverickEye's additional evidence.

As such, Plaintiff now has reason to believe that Defendant Brinkley is not the infringer. In light of the foregoing, Plaintiff drafted an exculpatory declaration for Mr. Brinkley.[1] However, Mr. Brinkley has not signed the declaration or any other exculpatory declaration to date. Criminal Productions does not wish to litigate this matter against Mr. Brinkley. Accordingly, Criminal Productions filed a motion to dismiss its copyright infringement claim with prejudice.

### IV.   ARGUMENTS

#### A. Defendant's Counterclaim Mirrors Plaintiff's Copyright Infringement Claim

"Numerous courts have […] [dismissed] counterclaims . . . where they are either the 'mirror image' of claims in the complaint or redundant of affirmative defenses." *Stickrath v.*

---

[1] Plaintiff's counsel drafted the declaration to further avoid any expense to Defendant.

*Globalstar*, Inc., No. C07-1941 TEH, 2008 U.S. Dist. LEXIS 95127, at *8 (N.D. Cal. May 13, 2008); see e.g. *Tenneco Inc. v. Saxony Bar & Tube, Inc.*, 776 F.2d 1375, 1379 (7th Cir. 1985) ("The label 'counterclaim' has no magic. What is really an answer or defense to a suit does not become an independent piece of litigation because of its label."); *Rayman v. Peoples Sav. Corp.*, 735 F. Supp. 842, 852 (N.D. Ill. 1990) (Court dismissed a counterclaim that mirrored an affirmative defense because "[i]t adds nothing to the pleadings … already put before this Court."); *Arista Records LLC v. Usenet.com., Inc.*, 2008 U.S. Dist. LEXIS 95514, at *10 (S.D.N.Y. Nov. 24, 2008) (dismissing counterclaims that "add nothing to the affirmative defenses" and "do not present an independent case or controversy that would survive a dismissal of Plaintiff's infringement claim."); *Atl. Recording Corp. v. Serrano*, No. 07-CV-1824 W (JMA), 2007 U.S. Dist. LEXIS 95203, at *11 (S.D. Cal. Dec. 27, 2007) ("Numerous courts have dismissed declaratory relief counterclaims in electronic copyright infringement actions where the question of whether defendant infringed plaintiff's rights will be decided by plaintiff's claim."). This is because, in those cases, "Defendant seeks no relief in his counterclaim other than that which would have the opposite effect of the relief sought in the Complaint. As such, [the] counterclaim is redundant and unnecessary." *Malibu Media, LLC v. Batz*, Civil Action No. 12-cv-01953-WYD-MEH, 2013 U.S. Dist. LEXIS 84709, at *10 (D. Colo. May 17, 2013).

Here, Defendant's counterclaim fails and must be dismissed as an inappropriate "repackaging" of his initial denial of infringement. Specifically, Defendant's counterclaim is nothing more than a denial of infringement adding no other merits to this case.

### B. Lacking Controversy This Court Lacks Subject Matter Jurisdiction over Defendant's Declaratory Judgment of Non-Infringement Counterclaim

In Defendant's counterclaim, Mr. Brinkley seeks a declaratory judgment that he did not infringe Plaintiff's work through use of IP address 70.57.92.179 within the BitTorrent network. However, the Court should dismiss Defendant's declaratory judgment of non-infringement claim because the Court lacks subject matter jurisdiction over the claim.

"[C]laims for declaratory judgment are authorized by the Declaratory Judgment Act, 28 U.S.C. § 2201 ("DJA""), which incorporates the Article III case-or-controversy requirement." *Nat'l Cable TV Coop. v. Lafayette City-Parish Consol. Gov't of Lafayette*, No. 10-2254-KHV-DJW, 2010 U.S. Dist. LEXIS 124387, at *10 (D. Kan. Nov. 23, 2010). "It is well established that what makes a declaratory judgment action 'a proper judicial resolution of a 'case or controversy' rather than an advisory opinion--is [] the settling of some dispute which affects the behavior of the defendant toward the plaintiff." *Cox v. Phelps Dodge Corp.*, 43 F.3d 1345, 1348 (10th Cir. 1994), quoting *Hewitt v. Helms*, 482 U.S. 755, 761, 107 S. Ct. 2672, 2676 (1987). "The crucial question is whether granting a present determination of the issues offered will have some effect in the real world." *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1110 (10th Cir. 2010). And, "[w]ithout a case or controversy, the court lacks subject matter jurisdiction." *Lindsey & Osborne P'ship, L.P. v. Day & Zimmerman, Inc.*, No. 08-2301-CM, 2009 U.S. Dist. LEXIS 13923, at *8 (D. Kan. Feb. 23, 2009).

By motion filed earlier, Plaintiff seeks dismissal of its infringement claim with prejudice. By dismissing its claim with prejudice, Criminal Productions is foregoing any claim with respect to this infringement. The dismissal and proffered covenant not to sue[2] foreclose Criminal

---

[2] Ex. 1 hereto.

6

Production's ability to bring a copyright suit against Defendant Brinkley for the alleged infringement.

The dismissal acts as an adjudication on the merits adverse to Criminal Productions on that issue. *See, e.g., Power Mosfet Techs., L.L.C. v. Siemens AG*, 378 F.3d 1396, 1416 (Fed. Cir. 2004) ("The dismissal of a claim with prejudice ... is a judgment on the merits under the law of the Federal Circuit.")[3]. "[T]he primary issue in this case [is][…] whether Defendant actually downloaded, used, and/or distributed Plaintiffs' copyrighted materials without authorization to do so." *Interscope Records v. Kimmel*, No. 3:07-cv-0108, 2007 U.S. Dist. LEXIS 43966, at *12 (N.D.N.Y. June 18, 2007). Accordingly, "[i]f Plaintiffs withdraw their claim [and it has], there is no continuing threat lingering over Defendant […] [Therefore] […] there is no continuing case or controversy." *Id.* at *12. Here, "there is [simply] no reason to force [Criminal Productions] to defend a claim by Defendant arguing that he did nothing wrong." *Id.* at *14-15. Indeed, "[c]ountenancing such a theory for entertaining Defendant's counterclaim would open the floodgates to endless potential litigation by persons seeking a declaration that [their] activities do not violate another's rights." *Id*. Accordingly, in this case, there is no longer a "substantial controversy" between the parties of "sufficient immediacy and reality" sufficient to form the basis for an Article III case or controversy. *See MedImmune, Inc. v. Genentech, Inc,.* 549 U.S. 118, 126 (2007).

Further, to survive the instant motion to dismiss, Defendant must prove that the Court has continuing jurisdiction to decide its counterclaim. *Streck, Inc. v. Research & Diagnostic Sys., Inc.*, 665 F.3d 1269, 1282 (Fed. Cir. 2012) ("The party seeking a declaratory judgment must

---

[3] Under the doctrine of res judicata, a judgment on the merits in a prior suit bars a secood suit involving the same parties or their privies based on the same cause of action. *Parklane Hosiery Co, Inc. v. Shore,* 439 U.S. 322, 326, fn. 5 (1979).

establish that jurisdiction 'existed at the time the claim for declaratory relief was filed and that it has continued since.'") (quoting *Benitec Aust/., Ltd. v. Nucleonics, Inc.*, 495 F.3d 13401 1343 (Fed. Cir. 2007)).  Defendant cannot prove there is a continuing case or controversy as to its noninfringement counterclaim because Criminal Productions no longer asserts (and cannot reassert) it's copyright infringement claim against Defendant Brinkley.  *See Streck, Inc.*, 665 F.3d at 1281-82 (holding that declaratory judgment counterclaims did not survive as to claims no longer being asserted).

Accordingly, Defendant's declaratory judgment of non-infringement must be dismissed.

## C. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant the instant Motion to Dismiss the Counterclaim of Defendant Brinkley for Lack of Subject Matter Jurisdiction.

DATED this 7th day of May, 2018.

                                              DUREN IP

                                        By:     /s/Todd E. Zenger
                                                    Todd E. Zenger

                                                    Attorneys for Defendant
                                                    CRIMINAL PRODUCTIONS, INC.