Todd E. Zenger (5238)
DUREN IP
610 E. South Temple Street, Suite 300
Salt Lake City, Utah 84102
Phone: (801) 869-8538
Email: tzenger@durenip.com

Attorneys for Defendant

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| CRIMINAL PRODUCTIONS, INC.,<br><br>      Defendant,<br><br>vs.<br><br>DOES 1- 32,<br><br>      Defendants. | Civil Action No. 2:17-cv-00550-DBP<br><br>Magistrate Judge Dustin B. Pead<br><br>MOTION TO STAY<br>ALL OTHER PROCEEDINGS<br>PENDING A DETERMINATION OF<br>ONGOING SUBJECT MATTER<br>JURISDICTION |

Plaintiff, Criminal Productions, Inc., by and through its attorney, pursuant to FRCP 26(c), seeks a stay of all other proceedings in this case pending the outcome of the pending motions to dismiss addressing ongoing subject matter jurisdiction.

**I.      INTRODUCTION**

    A.  Concise Statement of Facts

Pending before the Court are dispositive motions ECF 44 and 45.  Based upon governing principles and law, Plaintiff's motion to dismiss Defendant Brinkley (ECF 44) should be granted. Also, based upon governing principles and law, the granting of motion ECF 44 dispossesses the Court of ongoing subject matter jurisdiction over Brinkley's counterclaim.  This jurisdictional issue should first be addressed before this case proceeds.  These two motions are potentially dispositive of this case.

B.  Relief Requested

Plaintiff seeks a stay of all other proceedings pending a determination whether subjection matter jurisdiction remains after the resolution of motions ECF 44 and 45.

## II.        LEGAL STANDARD

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *Reed v. Bennett*, 312 F.3d 1190, 1193 n.1 (10th Cir. 2002) (citing *Ben Ezra, Weinstein, and Co., Inc. v. America 2 Online Inc.,* 206 F.3d 980, 987 (10th Cir. 2000)). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Air Line Pilots Ass'n v. Miller*, 523 U.S. 866, 879 (1998); *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963); see also *Stone v. Immigration and Naturalization Service,* 514 U.S. 386, 411 (1995) ("[W]e have long recognized that courts have inherent power to stay proceedings.").

A stay pending a motion to dismiss on jurisdictional grounds is especially appropriate. Jurisdiction is a "threshold matter" that courts must resolve before proceeding to the merits. *Kramer v. Gates*, 481 F.3d 788, 791 (D.C. Cir. 2007) (quoting *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 94 (1998)). "The requirement that jurisdiction be established as a threshold matter . . . is 'inflexible and without exception.'" *Ruhrgas Ag v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999) (quoting *Steel Co.*, 523 U.S. at 94-95); see also *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 593 (2004) ("We have . . . urged counsel and district courts to treat subject matter jurisdiction as a threshold issue for resolution . . . ." (quoting *United Republic Ins. Co. v. Chase Manhattan Bank*, 315 F.3d 168, 170-71 (2d Cir. 2003)).

Federal courts may only adjudicate actual controversies. See *Disability Law Ctr. v. Millcreek Health Ctr.*, 428 F.3d 992, 996 (10th Cir. 2005). And the controversy must exist during all stages of the litigation.  Id. If the controversy ceases to exist, "'the action is moot and this court lacks jurisdiction to adjudicate the matter.'" Id. (quoting *United States v. Seminole Nation of Okla.*, 321 F.3d 939, 943 (10th Cir. 2002)).  Plaintiff's motion ECF 45 raises these issues.

When a court grants a stay, it must "weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 255.  While it appears that neither the Tenth Circuit nor the District of Utah has definitively addressed factors to be considered when deciding a motion to stay, other courts have considered some combination of the following factors: 1) the length of the stay requested; 2) the hardship that the movant would face in proceeding with the litigation; 3) the injury that a stay would cause the non-movant; 4) whether a stay will simplify issues and promote judicial economy; 5) whether the parties' claims have merit; 6) the nature and complexity of the action; 7) the posture or stage of the litigation; 8) the interests of persons who are not parties to the litigation; 9) when the motion to stay is based on a motion alleging that the court lacks jurisdiction, whether that is an issue of subject matter or personal jurisdiction; and 10) the public interest. E.g., *Scicchitano v. Cty. of Northumberland*, 2015 WL 7568357, at *2 (M.D. Pa. Nov. 25, 2015) (factors 1-4); *Hollins v. U.S. Tennis Ass'n*, 469 F. Supp. 2d 67, 78 (E.D.N.Y. 2006) (factors 5-7); *String Cheese Incident*, Case 1:15-cv-00680-MCA-WPL Document 130 Filed 02/16/16 Page 2 of 7 3 2006 WL 894955, at *2 (factors 7, 8, and 10, and granting the stay based on a pending motion to dismiss for lack of personal jurisdiction).

### III.     FACTUAL CONSIDERATIONS AND ARGUMENTS

Before this case precedes on Brinkley's counterclaim this Court must first address whether it continues to have subject matter jurisdiction over that claim.  Without jurisdiction, no further proceedings are needed.

Defendant Brinkley has embarked upon discovery, including third-party discovery. This is evidenced by Defendant's discovery motion ECF 46.  Discovery will cause the parties to expend significant resources unnecessarily and may subject this Court to lengthy motions practice. However, because the issue of this Court's jurisdiction remains unresolved, those costs can be avoided by staying proceedings pending resolutions of the Plaintiff's motions to dismiss.

Courts have previously stayed discovery pending consideration of dispositive motions to dismiss. E.g., *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2-3 (D.D.C. 2001) (holding that staying discovery pending a dispositive motion to dismiss is appropriate); *Comm. for Nuclear Responsibility, Inc. v. Seaborg*, 463 F.2d 783, 785 (D.C. Cir. 1971) (noting that discovery was stayed pending the outcome of a motion to dismiss). A stay is appropriate where, as here, it will sensibly preserve judicial resources. This Court should grant the requested stay to avoid potentially needless and wasteful expenditures in further proceedings, including pending discovery.

The requested stay is for that time during which the Court addresses ongoing jurisdiction. Unnecessarily proceeding with the case at this early stage, including discovery, places an unnecessary burden on the Plaintiff and third-parties in light of what appears the Court's lack of ongoing jurisdiction.  This appears to place no great hardship on the Defendant, other than his proving ongoing jurisdiction.    Defendant bears the burden of establishing this Court's

4

jurisdiction over its counterclaim prior to obtaining any relief on the merits of its claim. *Marcus v. Kansas*, 170 F.3d 1305, 1309 (10th Cir.1999) ("[T]he party invoking federal jurisdiction bears the burden of proof.") (quoting *Penteco Corp. v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir.1991)). Implementing the stay has the potential to greatly simplify issues and promote judicial economy by determining whether this matter will proceed at all. Imposing a stay in the instant case conserves judicial and party resources and poses no unfair burden to Defendant.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court stay all proceedings, including discovery, pending this Court's determination of ongoing subject matter jurisdiction as presented by motions ECF 44 and 45.

DATED this 8th day of May, 2018.

                          DUREN IP

                          By: /s/Todd E. Zenger
                              Todd E. Zenger

                              Attorneys for Defendant
                              CRIMINAL PRODUCTIONS, INC.