IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| Criminal Productions, Inc.<br><br>        Plaintiff,<br>v.<br><br>Darren Brinkley,<br><br>        Defendant. | Case No. 2:17-cv-00550-DBP |

## DECLARATION OF DAVID H. MADDEN

I, David H. MADDEN, submit this Declaration setting forth facts within my knowledge and experience that may be relevant to issues in the above-captioned action.  As to the following statements, I believe them to be true, and I make this Declaration understanding that knowing false statements may subject me to penalty for perjury under the laws of the United States.  If called upon to testify to these matters, I could and would do so competently and in accordance with the following:

1. I am an attorney in private practice, and I have been practicing law since 2003.

2. I am admitted to the state bars of California and Oregon, several district courts in those states, the U.S. Courts of Appeals for Veterans Claims and the Ninth and Federal Circuits, and the United States Patent & Trademark Office.

1

3. I have litigated cases in California, Oregon, and before U.S. Courts of Appeals, the Trademark Trial & Appeal Board, and the Patent Trial & Appeal Board.

4. My undergraduate degree from Johns Hopkins University is in electrical engineering, and I worked as a computer engineer developing system and network software for about fifteen years before studying law. I still perform hardware and software engineering tasks for some of my patent clients.

5. I have been representing defendants in BitTorrent cases (a/k/a "copyright troll" cases) since 2010. I have entered appearances in about twenty such cases and have advised at least as many more individuals affected by such suits without entering an appearance.

6. I have reviewed form complaints, motions, declarations and demand letters in a significant number of cases, and have noticed changes in plaintiffs' strategies, apparently in response to pressure from defendants who attempt to fight back and defeat the allegations against them. For example, at one time, plaintiffs would represent that they had downloaded the entire movie from each of thousands of defendants. This is technically impossible – it could not have been true. Most plaintiffs no longer make this claim.

7. As another example, in the past, plaintiffs would send demand letters to identified Internet subscribers before any further investigation, representing

falsely that they had been "affirmatively identified" as the infringer and that they must pay an amount chosen by the plaintiff – often $7,500 or $10,000. Plaintiffs' current demand letters are typically less aggressive and make fewer misrepresentations of fact and law.

8. In the course of these representations, I have written network analysis software to monitor the worldwide BitTorrent systems that are alleged to have been used for infringement.

9. My software collects information that I use to assist me in advising clients. It has been running mostly continuously since 2016 and has stored billions of records of computer interactions that I can refer to.

10. In my experience, plaintiffs have very little computer data suggesting infringement occurred at all, and even when this data exists, often it does not implicate the defendant. In fact, the data is often useful to the *defendant* to establish that there was no infringement (*e.g.*, that any data copied was not part of the copyrighted work at all), that any infringement could not have been committed by the defendant (*e.g.*, that the data was transmitted by a type of computer that the defendant does not own), or to make other exculpatory showings.

11. I have a detailed technical understanding of the computer and network interactions at issue, and my concerns over the representations made to

District Courts have led me to offer my assistance to defendants whenever asked. And as a practicing attorney, I have a detailed understanding of the procedural devices that BitTorrent plaintiffs use to maximize their settlement leverage while avoiding judicial scrutiny of their actions.

12. At the request of my colleague Lisa Clay, who requested my assistance with the more technical aspects of this matter, I have been retained by Defendant BRINKLEY.

13. A defendant who denies liability and wishes to resolve the case quickly and economically should answer and proceed without delay to discovery.

14. Defendant BRINKLEY has done exactly that: answered and proceeded without delay to discovery.

15. I have never obtained the deposition of any BitTorrent plaintiff's purported investigator.

16. I have only once obtained a deposition of a BitTorrent plaintiff's "person-most-knowledgeable" about ownership, licensing and financial exploitation of a movie, and in that case, it turned out that the plaintiff did not own the copyrights it was attempting to enforce. Although that plaintiff had successfully settled with many other individuals, I was able to obtain summary judgment in my client's favor.

17. I do not know why plaintiff has been unwilling or unable to produce the

requested computer data in this case.

18. I do not know why plaintiff has been unwilling or unable to produce the requested ownership, licensing and financial information about its exploitation of its purported rights in the movie in this case.

19. I do not know why plaintiff has been unwilling to produce the identities of Defendant's co-defendants in this case.

20. I do not know why plaintiff has been unwilling or unable to produce its investigator or another person competent to testify about the data and procedures that allegedly suggested that BRINKLEY infringed its purported copyright.

///

///

///

///

///

///

///

///

///

///

21. It is my personal opinion, based on my experience with these "copyright troll" cases, my technical and legal knowledge, and the pleadings and other documents I have reviewed in this case, that plaintiff's motion to dismiss its own claim – *with prejudice* – is a ploy to prevent the paucity of its evidence from coming to the attention of the Court and BRINKLEY's co-defendants.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, and I understand that my statement is made for use as evidence in court.

Dated: May 14, 2018

_____
Digitally signed by David H. MADDEN
Date: 2018.05.14 16:41:08 -07'00'