IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| Criminal Productions, Inc.<br><br>          Plaintiff,<br><br>v.<br><br>Darren Brinkley,<br><br>          Defendant. | Case No. 2:17-cv-00550<br><br>District Judge Dee Benson |

**DEFENDANT'S REPLY IN SUPPORT OF HIS MOTION FOR ATTORNEYS' FEES**

Defendant Darren Brinkley ("Brinkley"), through the undersigned counsel, replies in support of his Motion for Attorneys' Fees as follows.

**INTRODUCTION**

In the world that Criminal Productions, Inc. ("Plaintiff" or "Criminal") would create, copyright plaintiffs could file whatever claims they want – Federal Rules and § 505 be damned – and walk away whenever they pleased, free of consequence. Fortunately for Brinkley, the Copyright Act and the Federal Rules of Civil Procedure require otherwise. Because Plaintiff has produced no evidence of infringement – only dangled its purported existence before this Court and countless defendants to this suit and others; because this claim has been dismissed with prejudice, thereby anointing Brinkley a prevailing party; and because the *Fogerty* factors weigh in favor of an award of fees and costs to Brinkley, his Motion for Attorneys' Fees should be granted in its entirely, subject to inclusion of fees incurred drafting and filing this Reply.

## RELEVANT PROCEDURAL FACTS

After Brinkley indicated his intention to file a Motion to Compel to obtain the purported evidence Plaintiff had suggested it possessed, but had steadfastly refused to produce, Criminal filed a Motion to Dismiss pursuant to 41(a)(2) (ECF No. 44), a Motion to Dismiss Defendant's Counterclaim (ECF No. 45) and a Motion to Stay (ECF No. 49). On July 6, 2018 the Court granted Plaintiff's Motions to Dismiss and denied the Motion to Stay as moot. (ECF No. 64) The Order stated that, "[t]he court makes no determination regarding attorneys fees and costs pursuant to Section 505 of the Copyright Act, as no motion for fees or costs is pending before the court." (*Id*. p. 2.)

On July 20, 2018, Brinkley filed his Motion for Attorneys' Fees which included the following arguments: A. That Brinkley had complied with the local rules regarding fee petitions; B. That Brinkley is a prevailing party entitled to reasonable attorneys' fees; C. The *Fogerty* factors support a fee award; and D. Brinkley's requested fees and costs are reasonable. Brinkley's Motion also included an eight page declaration from Attorney Lisa Clay (ECF No. 65-1) which incorporated her prior eight page declaration detailing the litigation history of this case and her extensive experience with other BitTorrent plaintiffs (ECF No. 65-2); a three page declaration from Attorney Gregory N. Hoole (ECF No. 65 – 6) which incorporated his prior eight page declaration detailing the litigation history of this case (ECF No. 65 – 8); a three page declaration from Attorney David H. Madden (ECF No. 65-9) which incorporated his prior six page declaration detailing the litigation history of this case and his extensive experience with other BitTorrent plaintiffs (ECF No. 69-10).

Plaintiff's Opposition to Defendant's Motion for Attorneys' Fees (ECF No. 70) (hereinafter "Opposition") does little to address these arguments. Rather, it is a rambling, and at

2

times nearly incoherent, regurgitation of well-worn factual disputes.[1] At its core, Criminal's

filing is just another chorus of the same tired refrain, reminiscent of a school-yard taunt: *we have*

*evidence but we're not going to show it to you.*

  Much ink has already been spilled (or keystrokes typed, to update the adage) as to this

issue, but it bears repeating yet again, as Plaintiff's Response – indeed, not a single filing made

in this case – has addressed the elephant in the room: ***Plaintiff never produced any evidence to***

***supports its claims or obtained admissions from any witness to support them, either***. Bragging

about evidence one claims to have; ignoring record evidence produced by the other side in the

form of sworn statements and refusing to comply with the plain language of the Federal Rules of

Civil Procedure is not a competent method of litigating a claim. Federal and local rules require a

party to have evidentiary support for claims made, and to produce that evidence upon proper

request in the course of discovery. Because Criminal failed miserably as to both requirements,

Brinkley's Motion for Attorneys' Fees should be granted.

## RESPONSE TO PLAINTIFF'S "PERTINENT FACTS AND CIRCUMSTANCES"

  Criminal's nine pages of "facts" – most of which are unsupported by declaration or

record citation[2] – are replete with reference to their purported evidence, but the absence of a

single adjective to describe that evidence – "produced" – is what determines the outcome of this

motion. Instead, Criminal spends over a page reciting the terms of a wholly irrelevant

CenturyLink contract (ECF No. 70, pp. 2-3); spends several pages attempting to cobble some

---

[1] It is also ***seven pages*** over the 10-page limit for opposition motions. See DUCivR 7-1(b)(2)(C) (limiting opposition briefs to ten pages or certification to the 2500 word-count limit).

[2] Criminal has attached a declaration to its Opposition, but most of the statements made in Opposition are not linked to a statement made in the declaration of Todd Zenger. Similarly, many of the stated "facts" reference documents and conversations to which no exhibit or declaration citation is provided.

sort of argument that Brinkley's acknowledgement of a CenturyLink account, his decision to take the "head in the sand" approach or his telling Plaintiff's counsel he had a roommate implies his culpability (*Id*., p. 3-4); and wastes countless pages attempting to recast its repeated offers to "release" the Defendant "from any obligation to respond to the Complaint or proceed with litigation or motion practice" (*Id*. p. 5) as evidence of something other than a Plaintiff filing claims to extort settlements, not to litigate the merits. What Plaintiff neglects to restate in any of these nine pages is that at no time did Criminal ever (1) offer to dismiss its claims absent Brinkley's willingness to implicate his former roommate and/or pay Plaintiff for something he did not do; (2) reimburse Brinkley's costs and fees, or (3) offer to enter judgment as to his counterclaim for a declaration of non-infringement. As Brinkley made clear many times:

> [Defendant] has always been willing, and continues to be willing, to resolve all claims in this matter in exchange for payment of the attorney fees and legal costs he has been forced to incur to defend himself against your client's meritless claims. The Copyright Act provides Mr. Brinkley (and all other defendants in copyright actions) an absolute right to affirmatively defend themselves and/or seek a declaration that they did not infringe. The Copyright Act is equally clear that prevailing parties -whether they simply defend or obtain a declaration of non-infringement - are entitled to their fees. If [Criminal was] concerned about "unnecessary fees, costs, or expenses" [it] would have settled at the beginning of this case and paid [Brinkley's] minimal attorneys' fees…

(ECF No. 65-2 p. 18.)

Plaintiff's "pertinent facts and circumstances" only reaffirm the facts this Court needs to grant Brinkley's Motion in its entirety: (1) Plaintiff filed a lawsuit; (2) Plaintiff forced a named defendant to litigate because Plaintiff, and not Defendant, refused reasonable offers of settlement supported by § 505; and (3) Plaintiff, not Defendant, prevailed as to the merits because Plaintiff produced no evidence and filed a Motion for Voluntary Dismissal to avoid having to respond to a Motion to Compel. Brinkley's request for reasonable fees should therefore be granted.

## LEGAL ARGUMENT

**A.**  **Local Rule Statement of Compliance**

  Criminal does not address or dispute this argument.

**B.**  **Brinkley is a Prevailing Party Entitled to Reasonable Attorneys' Fees.**

  Criminal does not address this argument, either. As addressed in the original Motion, Brinkley is a prevailing party. *Cadkin v. Loose*, 569 F.3d 1142, 1147-49 (9th Cir. 2009).

**C.**  **Criminal's Attempts to Reframe the Facts Before this Court Does Not Change the Necessary *Fogerty* Analysis, Which Supports an Award of Fees.**

  In determining whether, and to what extent, to award fees and costs, the Court should consider the so-called "*Fogerty* Factors:" "(1) frivolousness, (2) motivation, (3) objective unreasonableness[,] and (4) the need in particular circumstances to advance considerations of compensation and deterrence." *Kirtsaeng v. John Wiley & Sons*, 136 S. Ct. 1979, 1985 (2016) *citing Fogerty v. Fantasy, 510 U.S. 517, 534 (1994).*

  As to frivolousness, Plaintiff's argues that because it owns a copyright registration and other defendants entered into consent judgments, its "attempt to enforce its copyright was reasonable." (Opposition. p. 11.)  Plaintiff makes no arguments in support of its litigation actions ***as to this Defendant*** – actions positively seeped in frivolousness – as outlined in detail in the declarations of Lisa L. Clay, David H. Madden and Gregory N. Hoole. (ECF Nos. 65-1, 65-2, 65-6, 65-8, 65-9, 65-10).

  As to motivation, Plaintiff suggests that its "conduct was motivated by evidence of infringement over Mr. Brinkley's Internet service." Plaintiff provides no explanation for its motivation in refusing to produce that evidence.

  Similarly, as to unreasonableness, Criminal once again attempts to frame Brinkley's pre-litigation actions in an unfavorable light (Opposition pp. 11-12); accuses Brinkley of

"unleash[ing] counsel in a scorched earth approach (Id. p. 12) and suggesting that Brinkley, and not the Plaintiff "withheld evidence" or preventing early resolution of the case. (Id.) Here are the facts that should be taken into account when determining the reasonableness of the parties' respective actions: Brinkley was never provided evidence of infringement. (ECF No. 53-1 ¶¶ 18 – 20; ECF No. 53-6 ¶¶ 17-20; ECF No. 65-1 ¶ 8.) Brinkley wished to establish his innocence and the innocence of his friend and roommate (the alleged "real infringer") and was willing to litigate in order to do so. (ECF No. 53-1 ¶ 21; ECF No. 53-3 ¶¶ 10 – 14.) Brinkley, but not Plaintiff, served initial disclosures and complied with the Federal Rules of Civil Procedure in all respects. (ECF No. 53-1 ¶ 15.) Brinkley, but not Plaintiff, served and sought responses to discovery. (ECF No. 53-1 ¶¶ 16 – 20.) Brinkley, but not Plaintiff, was motivated to use the Court system for its intended purpose: litigation of this dispute. (ECF No. 53-6 ¶14.)[3]

Finally, and most importantly, as to the *Fogerty* analysis of "compensation and deterrence," Defendant did not "take a risk." (Opposition p. 14.) Defendant and his reputation were attacked by Plaintiff when they filed a frivolous and baseless lawsuit. Brinkley's choices were as follows: implicate a friend, pay the Plaintiff, or (only after his attorneys had over $40,000 in fees) take a walkaway that left him holding the bag for fees he would not have incurred if Plaintiff had been willing to dismiss before Brinkley was forced to file an answer and counterclaim to clear his name. This is not a "risk." This is a Hobson's choice, pure and simple.

---

[3] Plaintiff cites to *Priority Records L.L.C. v. Chan*, No. 04-CV-73645-DT, 2005 U.S. Dist. LEXIS 20360, at *6-7 (E.D. Mich. May 19, 2005), but the case, which involved a Defendant who acknowledged liability but still, inexplicably, sought fees as a prevailing party, has no relevance to this case. This is not a situation where defendant's fees were primarily the result of "tactics designed to impede the ability of plaintiffs to prosecute the action in an efficient manner." Id. at * 7. To the contrary, it was Plaintiff, and not Defendants, who did the impeding in this circumstance. (See, e.g. ECF No. 65-2 ¶¶ 14-20; ECF No. 65-8 ¶¶ 4 – 7; ECF No. 65-10 ¶¶ 12-20.)

Citation to case law – none from the 10th Circuit – holding that "[w]hen a defendant prevails despite evidence of infringement courts have denied attorneys' fees" takes dangerous liberty with the record here, which contains no evidence of infringement.  So too with citation to cases where someone other than the named defendant was determined to be the infringer. No evidence of that fact exists in this record. Indeed, it was Plaintiff, and not Defendant, that gave up on the merits by filing its 41(a)(2) Motion, thereby precluding any determination of the issue of infringement.

Plaintiff has "an effective means of deterring infringement and penalizing infringers," (Opposition p. 15) but it would require this Plaintiff and others to do something no BitTorrent plaintiff to do appears willing to do: litigate its claim pursuant to the applicable rules.

**D.**  **Defendant Brinkley's Fee Request is Reasonable.**

Plaintiff's arguments as to this argument are so baseless and unsupported that they do not warrant a response. Defendant Brinkley incurred significant attorneys' fees and costs defending a meritless lawsuit. It is patently false to suggest that "Brinkley had the opportunity without the obligation of litigation, to resolve this matter without incurring attorneys' fees…" (Opposition p. 16.) As Plaintiff's own filings make plain, every "offer" from Plaintiff prior to learning of Brinkley's forthcoming Motion to Compel in April of 2018 was premised on his willingness to implicate his (equally blameless) former roommate and friend or paying Plaintiff for something he did not do. Certainly, fees incurred under these circumstances are reasonable.

Brinkley's counsel have provided detailed time records,[4] the basis for their hourly rates, and sufficient detail as to their experience and competence to buttress the reasonableness of the requested fees.

## CONCLUSION

As a prevailing party Defendant Darren Brinkley is entitled to an award of reasonable costs and fees as described in detail herein.

**WHEREFORE**, Defendant Darren Brinkley respectfully requests entry of judgment against Plaintiff Criminal Productions in the amount of Brinkley's attorneys' fees and costs, including those incurred in drafting and prosecuting this motion.

DATED this 24th day of August 2018.

*/s/* Gregory N. Hoole
_____
HOOLE & KING, L.C.
Attorneys for Defendant Darren Brinkley

*/s/* Lisa L. Clay
_____
Lisa L. Clay, Attorney at Law, pro hac vice
Attorneys for Defendant Darren Brinkley

---

[4] Brinkley's counsel redacted attorney client information from their bills as is their common practice. Plaintiff cites no authority for its bald premise that a party is required to provide an unredacted version of its billing to an opponent, and counsel herein is unaware of any such requirement. However, should the Court find unredacted versions of the invoices of Brinkley's counsel helpful for any reason, same will be provided upon request. Clay Dec. ¶ 5.

**CERTIFICATE OF SERVICE**

I hereby certify that on the 24th day of August 2018, a true and correct copy of the

foregoing document was filed electronically with the Court using the CM/ECF system, which

sent notice of the same via email to all CM-ECF participants who have appeared in this case.


*/s/ Gregory N. Hoole*

9