CROWELL LAW
943 Liberty SE
P.O. Box 923
Salem, OR 97308

**RE:** **Contingent Fee Agreement / "Agreement"**
**Claims Against Unknown Individuals For Online Copyright Infringement**

**Crowell Law:**

Hamrick & Evans, LLP ("LAW FIRM") agrees to represent those clients of CROWELL LAW, who consent in writing to LAW FIRM's representation ("CLIENTS") with regard to the Engagement (described below), on a contingency fee basis, pursuant to the terms set forth herein.

ENGAGEMENT.

1. CROWELL LAW has been engaged by a number of rights holders and recipients of rights assignments, principally motion picture production companies, to further their efforts in promoting education, notice and awareness of the problems of online piracy and as necessary to bring claims to enforce their rights.

2. CROWELL LAW engages LAW FIRM to act as local counsel to represent and assist its CLIENTS in promoting education, notice and awareness of the problems of online piracy and as necessary to pursue and settle CLIENTS' claims of copyright infringement resulting from the unauthorized dissemination of CLIENTS' copyrighted works via the Internet in the United States ("Engagement"). LAW FIRM shall receive a separate writing from each CLIENT confirming engagement. LAW FIRM shall not compensate CROWELL LAW in any way either under the terms of this Agreement, or otherwise.

3. LAW FIRM understands that its Engagement is subject to terms and conditions as may be set forth by CLIENTS in separate writings.

SCOPE OF ENGAGEMENT.

4. There will be four phases to the Engagement with respect to each CLIENT, as described below.

   a. The first phase involves LAW FIRM reviewing available data to determine the proper defendants for the filing of complaints pursuant to the guidelines and directions of the CLIENT.

   b. The second phase involves LAW FIRM filing one or more complaints for copyright infringement and any related claims that LAW FIRM reasonably believes necessary against unknown (or "doe") defendants ("Defendant(s)") and issuing subpoenas to Internet Service Providers ("ISP") and conducting

discovery for the purpose of obtaining the true identity of the Defendant(s) ("Lawsuit(s)").

c. The third phase involves LAW FIRM's issuance of demand letters to Defendant(s) once the true identities of such Defendant(s) become known, and engaging in settlement negotiations with such Defendant(s).

d. On express approval in writing from the CLIENT or CROWELL LAW, the fourth phase involves LAW FIRM selecting those Defendant(s) for whom reasonable grounds exist for LAW FIRM to suspect that such Defendant(s) are liable for infringement, but who refuse to enter into a financial settlement with CLIENT, and continuing and/or commencing legal proceedings with such Defendant(s) as named Defendant(s).

COSTS AND DISBURSEMENTS.

5. CLIENTS are responsible to pay all costs, disbursements and expenses reasonably incurred by LAW FIRM in connection with LAW FIRM's enforcement efforts described in paragraph 4 ("Costs"). CROWELL LAW shall advance to LAW FIRM on each CLIENT's behalf Costs to be incurred during the Engagement, including court costs, filing fees, and subpoena fees to ISPs, and other fees as agreed to in writing between CROWELL LAW and LAW FIRM.

6. Once the first Client Recovery (defined below) arrives at LAW FIRM's trust or escrow account, Costs will be taken off top of the Gross Revenue (defined below). Those Costs will be repaid first to LAW FIRM, to the extent LAW FIRM incurred any reasonable Costs on behalf of CLIENT, and then to CLIENT.

7. "Gross Revenue" for each CLIENT means all Client Recoveries (defined below) arriving at LAW FIRM's trust or escrow account for LAW FIRM's Engagement under this Agreement before the deduction of any Costs.

LAW FIRM RENUMERATION.

8. "Client Recovery" means all economic value received by a CLIENT upon final settlement, compromise, judgment, asset seizure, garnishment or collection or other resolution of a Lawsuit filed by LAW FIRM on behalf of such CLIENT, regardless of when received, including, without limitation, cash, property, or forgiveness of debt.

9. Client Recovery is deemed to occur at the time funds are received by the LAW FIRM.

10. Each CLIENT agrees to pay to LAW FIRM a fee of ▮% of its Client Recoveries after deduction of Costs ("Fee"). The remaining ▮% of Client Recoveries after deduction of Costs shall be payable to CLIENT ("CLIENT Share").

11. CLIENTS, CROWELL LAW and LAW FIRM understand that there may be an amount awarded by an arbitrator and/or a court for attorneys' fees and costs as part of the resolution of the Lawsuit. LAW FIRM shall be entitled to elect between ▇% of any net total award, or in the alternative, the LAW FIRM may elect ▇% of any attorney fee so long as the CLIENT receives not less than the statutory minimum award per title ($▇) after all Costs and Expenses.

REPORTING.

12. With respect to each CLIENT, LAW FIRM shall maintain a schedule of all cases pending with records of the status of each case which shall be available for review and coordination with CLIENT'S national efforts.

13. On the filing of any action against an IP address the IP address, title, hit date and relevant data for the Doe Defendants shall be reported to CROWELL LAW.

14. On request and at least once per quarter LAW FIRM shall report to each CLIENT and CROWELL LAW via email at an address provided by CROWELL LAW the following:

   a. the total number of Lawsuits filed and the names of Defendant(s) known to LAW FIRM as of that date (cumulative and preceding month);

   b. on an ISP by ISP basis, the total number of Defendant(s) for which contact information has been sought and the total number of Defendant(s) for which contact information has been provided (cumulative and preceding month);

   c. the total number of executed settlement agreements (cumulative and preceding month);

   d. total Client Recoveries received by LAW FIRM for each CLIENT (cumulative and preceding month).

   This report to be in a standardized Excel type spreadsheet, format to be provided by CROWELL LAW.

RESERVE FOR COSTS.

15. Each LAW FIRM shall retain in reserve a portion of gross proceeds to cover anticipated future costs and expenses equal to ▇% of Annual Gross Revenues received by LAW FIRM, but no more than a total of $▇ to cover:

   a. Costs and expenses advanced by LAW FIRM on a CLIENT's behalf, if any; and,

REDACTED

    b. Any unpaid LAW FIRM Fee.

16. An express duty of the LAW FIRM is to maintain funds in reserve for reasonably anticipated costs, expenses and fees.

17. Upon termination of this Agreement, LAW FIRM shall distribute all remaining reserved amounts to CROWELL LAW on behalf of CLIENTS and CROWELL LAW shall pay all CLIENT Shares due to CLIENTS.

CONSENT.

18. Pursuant to the authority granted to CROWELL LAW by CLIENTS, CROWELL LAW hereby grants LAW FIRM authority to settle claims in a manner that furthers the CLIENTS' interests in promoting education, notice and awareness of the problems of online piracy and maintaining the economic viability of LAW FIRM'S enforcement efforts.

CALCULATION AND PAYMENT.

19. LAW FIRM shall account to CROWELL LAW (who shall account to CLIENTS) on a quarterly basis in which CLIENT Shares are due to CLIENTS.

20. LAW FIRM shall pay all CLIENT Shares due to CLIENTS as follows: "CROWELL LAW on behalf of [NAME OF CLIENT INSERTED]" and CROWELL LAW shall pay all CLIENT Shares due to CLIENTS and other expenses subject to all laws and regulations requiring the withholding of taxes.

DURATION, CANCELATION.

21. This Agreement shall become effective as of the date set forth below and shall continue in force indefinitely, unless terminated by CROWELL LAW or LAW FIRM with 30 days written notice.

22. LAW FIRM's representation of CLIENTS may be terminated at any time by CROWELL LAW, LAW FIRM or CLIENTS per the terms of any retainer agreement between CROWELL LAW and CLIENTS.

23. On termination of this Agreement all parties shall use best efforts to close and resolve any pending case to avoid prejudice to CLIENTS.

24. Any Client Recovery collected after the termination of the Agreement will be distributed in accordance with the terms of this Agreement.

AMENDMENT.

25. The provisions of this Agreement may be modified at any time only by a writing duly executed by CROWELL LAW and LAW FIRM.

CONFIDENTIALITY.

26. This Agreement, and the terms and conditions set forth herein, shall be strictly confidential.

WARRANTIES.

27. CROWELL LAW warrants and represents that it is authorized to enter this Agreement and represent CLIENTS in the Engagement of LAW FIRM.

NOTICES.

28. Any notice required or permitted to be given under this Agreement shall be made to:

    If to CROWELL LAW,    P.O. Box 923
                                    Salem, OR 97308
                                    carl@crowell-law.com
                                    maria@crowell-law.com

                                    503-581-1240

    If to LAW FIRM,

or at the most recent address specified by the addressee through written notice under this provision. Failure to conform to the requirement that mailings be done by registered or certified mail shall not defeat the effectiveness of notice actually received by the addressee.

COUNTERPARTS.

29. This Agreement may be executed in any number of counterparts with the same effect as if the parties had all signed the same document. All counterparts shall be construed together and shall constitute one agreement.

SEVERABILITY.

30. If any provision of this Agreement is held by a court of competent jurisdiction to be invalid or unenforceable, the remainder of the Agreement which can be given effect without the invalid or unenforceable provision shall continue in full force and effect and shall in no way be impaired or invalidated.

Local Counsel Engagement : BitTorrent                             Page 5 of 6

GOVERNING LAW.

31. The rights and obligations of the parties and the interpretation and performance of this Agreement shall be governed by the law of California. CROWELL LAW and LAW FIRM agree that any and all disputes regarding this Agreement shall be resolved by a U.S. Federal Court, specifically in the Central District of California. No party to this agreement shall challenge personal or subject matter jurisdiction.

ACKNOWLEDGMENTS BY CROWELL LAW.

32. CROWELL LAW understands and acknowledges:

   a. This Agreement and the contingent fee percentages specified herein were negotiated between LAW FIRM and CROWELL LAW.

   b. No services shall be rendered by LAW FIRM for any matters not covered by this Agreement unless otherwise agreed in writing.

   c. CROWELL LAW and CLIENTS have received a copy of this Agreement.

Each of the undersigned hereby agrees to all of the terms and conditions specified above.

LAW FIRM

*[signature]*

Dated: March 3, 2017
By: Ray Hemrick, Chaz Rainey
Its: Managing Partner, Senior Associate

CROWELL LAW

_____
Carl D. Crowell
CROWELL LAW
943 Liberty SE
P.O. Box 923
Salem, OR 97308

Dated: _____