IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CRIMINAL PRODUCTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> DOES 1-32, <br><br> Defendants. | **NOTICE OF PROPOSED ORDER AND NOTICE OF HEARING** <br><br> Case No. 2:17-cv-00550 <br><br> District Judge David Nuffer |

     Plaintiff has filed briefs[1] in response to the Order to Show Cause Requiring Responsive Briefing.[2] Attached is a Proposed Order re: Order to Show Cause Requiring Responsive Briefing which is intended to be entered. Plaintiff may provide input on the Proposed Order and argument by filing a brief before noon on Friday, March 22, 2019, and at a status conference set for Monday March 25, 2019, at 9:00 a.m., in Courtroom 7.300.

     Signed March 15, 2019.

BY THE COURT

_____
David Nuffer
United States District Judge

---

[1] Response to Order to Show Cause: Status Brief as to Each Defendant, docket no. 83, filed Jan. 17, 2019; Response to Order to Show Cause: Brief 2 Re Contributory Infringement Standard, docket no. 87, filed Feb. 4, 2019; Response to Order to Show Cause: Brief 3 Re State of Case Law re contributory Infringement, docket no. 88, filed Feb. 4, 2019.

[2] Docket no. 82, filed Dec. 20, 2018.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ,<br><br>Plaintiff,<br><br>v.<br><br>,<br><br>Defendants. | **[PROPOSED] ORDER RE: ORDER TO SHOW CAUSE REQUIRING RESPONSIVE BRIEFING**<br><br>Case No.<br><br>District Judge David Nuffer |

The Order to Show Cause Requiring Responsive Briefing ("OSC")[3] directed Plaintiff to file briefs responding to inquiries regarding (1) the status of this case; (2) whether Plaintiff's Complaint for Copyright Infringement ("Complaint")[4] sufficiently states plausible claims for relief; and (3) the current state of the law in BitTorrent protocol copyright infringement cases. Plaintiff timely filed briefs.[5]

Plaintiff's brief regarding the case status[6] provides the information requested in the OSC. But Plaintiff's briefs regarding the sufficiency of the Complaint's allegations[7] and the current state of the law[8] are unfortunately not helpful in answering the OSC's inquiries. These briefs primarily rely on factually distinguishable case law involving defendants that are owners and

---

[3]

[4]

[5]

[6]

[7]

[8]

creators of websites that promote and use peer-to-peer file sharing;[9] internet service providers;[10] or sponsors and promoters of local community concert associations.[11] The conduct of *an individual subscriber of an IP address* is a step removed from the *conduct of an individual or entity that creates and promotes a platform* for infringement.[12] Plaintiff's briefs also do not acknowledge and cite legal authorities that are contrary to Plaintiff's position.[13] While no controlling contrary authority exists,[14] the nature of the OSC should have suggested a more thorough survey of the law was appropriate.

> Nevertheless, the OSC[15] is satisfied. Under Tenth Circuit Court of Appeals precedent,

> a plaintiff can indirectly prove copying (in a factual sense) by establishing that a defendant had access to the copyrighted work and that there are probative similarities between the copyrighted material and the allegedly copied material. A plaintiff may meet the initial burden of establishing access by showing that the defendant had a *reasonable opportunity* to view or [an] opportunity to copy the allegedly infringed work. Thus, while a plaintiff is not required to demonstrate the defendant's actual access to the work, evidence that only creates a *bare possibility* that the defendant had access is not sufficient.[16]

---

[9] *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 545 U.S. 913 (2005); *Columbia Pictures Indus., Inc. v. Fung*, 710 F.3d 1020 (9th Cir. 2013); *In re Aimster Copyright Litig.*, 334 F.3d 643 (7th Cir. 2003); *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004 (9th Cir. 2001); *Arista Records, LLC v. Usenet.com, Inc.*, 633 F.Supp.2d 124 (S.D. N.Y. 2009).

[10] *BMG Rights Mgmt. (US), LLC v. Cox Comm'ns, Inc.*, 881 F.3d 293 (4th Cir. 2018).

[11] *Gershwin Pub. Corp. v. Columbia Artists Mgmt., Inc.*, 443 F.2d 1159 (2d Cir. 1971).

[12] *Cobbler Nevada, LLC v. Gonzales*, 901 F.3d 1142, 1148 (9th Cir. 2018) (recognizing that internet service subscriber "does not fit cleanly within [the] typical contributory liability framework, which often involves consumer-facing internet platforms."); *UMG Recordings, Inc. v. Grande Comm'ns Networks, LLC*, 2018 WL 6624205, *6 (W.D. Tex. Dec. 18, 2018) (distinguishing the activities of an Internet Service Provider from an individual IP address's subscriber).

[13] *Malibu Media, LLC v. Doe*, 2018 WL 6446404 (N.D. Ill. Dec. 10, 2018); *PTG Nevada, LLC v. Chan*, 2017 WL 168188 (N.D. Ill. Jan. 17, 2017); *Elf-Man, LLC v. Cariveau*, 2014 WL 202096 (W.D. Wash. Jan. 17, 2014); *AF Holdings, LLC v. Rogers*, 2013 WL 358292 (S.D. Cal. Jan. 29, 2013); *AF Holdings, LLC v. Doe*, 2013 WL 97755 (N.D. Cal. Jan. 7, 2013).

[14] Utah R. Prof'l Conduct 3.3(a)(2) ("A lawyer shall not knowingly or recklessly . . . fail to disclose to the tribunal legal authority in the controlling jurisdiction directly adverse to the position of the client and not disclosed by opposing counsel.").

[15]

[16] *La Resolana Architects, PA v. Reno, Inc.*, 555 F.3d 1171, 1178 (10th Cir. 2009) (internal quotations and citations omitted; emphasis added).

Plaintiff alleges that an unauthorized copy of Plaintiff's copyrighted work was made via use of a BitTorrent protocol at certain IP addresses.[17] It is reasonable to infer that the subscriber of the IP addresses had a reasonable opportunity to access the internet at the IP addresses and copy the copyrighted work using the BitTorrent protocol. Therefore, the Complaint contains sufficient allegations to state a plausible claim for direct infringement against the IP addresses' subscribers.[18] It also follows that because Plaintiff alleges that the infringer acted as part of a BitTorrent "swarm,"[19] the Complaint contains sufficient allegations to state a plausible claim for contributory infringement against the IP addresses' subscribers.[20]

However, despite sufficiently stating plausible claims for relief, Plaintiff's Complaint has not been amended to name an IP address's subscriber as a defendant. Plaintiff represented that it would amend the Complaint to identify the "true name and location" of each defendant upon obtaining such information in discovery.[21] But this has not occurred. The defendants remain Doe Defendants known only by their IP addresses.[22]

It is appropriate, procedurally proper, consistent with Plaintiff's representation, and a prerequisite to entry of default judgment to require Plaintiff to file an amended complaint which

---

[17]

[18] *Dallas Buyers Club, LLC v. Hudson*, 2016 WL 320918, *6 (D. Colo. Jan. 5, 2016); *Malibu Media, LLC v. Butler*, 2014 WL 3272500, *7 (D. Colo. July 8, 2014); *Purzel Video GMBH v. Smoak*, 70 F.Supp.3d 1222, 1232 (D. Colo. 2014).

[19]

[20] *Smoak*, 70 F.Supp.3d at 1233. However, the Complaint does not state a plausible claim of contributory infringement based on the subscribers' alleged failure to police the use of their internet service. "[This] theory both strays from precedent and effectively creates an affirmative duty for private internet subscribers to actively monitor their internet service for infringement. Imposing such a duty would put at risk any purchaser of internet service who shares access with a family member or roommate, or who is not technologically savvy enough to secure the connection to block access by a frugal neighbor. This situation hardly seems to be one of the circumstances in which it is just to hold one individual accountable for the actions of another." *Cobbler* 901 F.3d at 1149 (internal quotations omitted).

[21]

[22]

names the IP addresses' subscribers as defendants.[23] Additionally, because the IP addresses' subscribers were never properly named as defendants, good cause exists to set aside the entry of their default.[24] And any pending motion for entry of default or default judgment relating to an IP address's subscriber is moot because the Complaint does not name the subscriber as a defendant.

Finally, there exists a real risk that merely alleging that an IP address's subscriber is the direct or contributory infringer will lead to "false positives."[25] "Home wireless networks are ubiquitous, meaning that a single IP address can simultaneously support multiple computer devices throughout the home and, if not secured, additional devices operated by neighbors or passersby."[26] "While it is possible that the subscriber is the one who participated in the BitTorrent swarm, it is also possible that a family member, guest, or [unknown third-party] freeloader engaged in the infringing conduct."[27] And an innocent subscriber might default by not responding to a complaint if the subscriber believes it to be baseless or if the complaint does not expressly name the subscriber as a defendant, or the subscriber might feel pressured into settlement to avoid the embarrassment of having their name publicly associated with allegations of illegal downloading.[28] Therefore, to avoid the risk of false positives, either Plaintiff's amended complaint, or any future motion for default judgment against an IP address's

---

[23] *Garrett v. Fleming*, 362 F.3d 692, 697 (10th Cir. 2004) ("[The] substitution of named defendants for the original unknown 'John Doe' defendants amount[s] to adding a new party.").

[24] FED. R. CIV. P. 55(c). While it is arguable that setting aside any default judgment or consent judgment entered against a subscriber is also appropriate under FED. R. CIV. P. 60(b), this Order does not apply to subscribers for whom judgments have already entered.

[25] *Malibu Media, LLC*, 2018 WL 6446404, at *3; *Chan*, 2017 WL 168188, at *2; *Cariveau*, 2014 WL 202096, at *1; *Rogers*, 2013 WL 358292, at *3.

[26] *Cariveau*, 2014 WL 202096, at *1.

[27] *Id.* at *2; *see also Malibu Media, LLC*, 2018 WL 6446404, at *3.

[28] *Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239, 242 (S.D. N.Y. 2012).

subscriber, must include the following information, *if available*, to enable a better evaluation of Plaintiff's entitlement to judgment:

- the nature of the facility using the IP address (apartment, single-family house, business, etc.), the physical address, and the mailing address used by the internet service provider for the subscriber;
- whether the IP address is associated with a wireless router, and whether any network that the router broadcasts is secured or unsecured;
- whether individuals other than the subscriber have access to use the IP address;
- the subscriber's age;
- the subscriber's knowledge, encouragement, or inducement of third-party use of the IP address for infringement; and
- whether payment or partial payment for internet service through the IP address has been made by someone other than the subscriber.

## ORDER

IT IS HEREBY ORDERED that:

1) The OSC[29] is SATISFIED.

2) The Entry of Default Pursuant to FRCP 55(a) as to Certain Defendants[30] against Doe Defendants is SET ASIDE.

3) Plaintiff's Motion for Entry of Default Pursuant to FRCP 55(a) as to Certain Defendants and Motion to Terminate All discovery Proceedings[31] is MOOT.

4) Plaintiff's Motion for Default Judgment, Permanent Injunction and Attorney's Fees as to Certain Defendants[32] is MOOT.

---

[29]

[30]

[31]

[32]

6

5) Plaintiff must file an amended complaint, with cover sheet, which identifies the true name and location of each Doe Defendant for which a judgment or dismissal has not already entered.

6) Plaintiff must serve a copy of the amended complaint on each identified defendant in accordance with FED. R. CIV. P. 5(b).

7) Either Plaintiff's amended complaint, or any future motion for default judgment against a defendant, must include the following information, if available:

- the facility using the IP address (apartment, single-family house, business, etc.), the physical address, and the mailing address used by the internet service provider for the subscriber;
- whether the IP address is associated with a wireless router, and whether any network that the router broadcasts is secured or unsecured;
- whether individuals other than the subscriber have access to use the IP address;
- the subscriber's age;
- the subscriber's knowledge, encouragement, or inducement of third-party use of the IP address for infringement; and
- whether payment or partial payment for internet service through the IP address has been made by someone other than the subscriber.

Signed _____.

BY THE COURT

_____
David Nuffer
United States District Judge