Gregory N. Hoole (7894)
HOOLE & KING, L.C.
4276 South Highland Drive
Salt Lake City, Utah  84124
Telephone:  801-272-7556
gregh@hooleking.com

Lisa L. Clay (admitted *pro hac vice*)
LISA L. CLAY, ATTORNEY AT LAW
345 North Canal Street, Suite C202
Chicago, IL 60606
Telephone: 312-753-5302
lclayaal@gmail.com

Attorneys for Defendant Darren Brinkley

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CRIMINAL PRODUCTIONS, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>DOES 1–32,<br><br>Defendants. | **DEFENDANT DOE NUMBER 15/DARREN BRINKLEY'S MOTION FOR LEAVE TO SUPPLEMENT RECORD**<br><br>Civil No. 2:17-cv-00550<br><br>Judge Nuffer |

Defendant and Counterclaim-plaintiff Darren Brinkley ("Brinkley") hereby moves for leave of court to supplement both his pending Motion for Attorney Fees [Dkt. No. 65] and also further respond to Plaintiff's Response to Order to Show Cause [Dkt. No. 83], as follows.

Before the instant case was dismissed, Brinkley's counsel Lisa Clay was scheduled, in another BitTorrent matter pending in Nevada, to take the deposition of Plaintiff's two key BitTorrent witnesses—witnesses whose testimony would have meaningful application to this case: Benjamin

Perino and Daniel Arheidt. Attorney David Madden recently took the deposition of Mr. Perino in another matter and agreed to author the declaration attached hereto as Exhibit 1 for Attorney Clay, so that she could provide the Court in pending matters across the country with this important information.

The declaration lays bare the paucity of Plaintiff's evidentiary position in the form of an admission from Mr. Perino that no underlying evidence of infringement is preserved. *See* Declaration of David H. Madden, attached hereto as Exhibit 1 at 12–13. Brinkley suggests that this information is sufficiently significant to warrant supplementation of his prior Motion for Attorney Fees. The Court may also wish to factor this information into its ongoing review and evaluation of BitTorrent cases generally, as outlined in the Court's Order to Show Cause [Dkt. No. 83].

Local civil rule 7-1 (b)(4), Citations of Supplemental Authority, states as follows:

> When pertinent and significant authorities come to the attention of a party after the party's memorandum has been filed, or after oral argument but before decision, a party may promptly file a notice with the court and serve a copy on all counsel, setting forth the citations. There must be a reference either to the page of the memorandum or to a point argued orally to which the citations pertain, but the notice must state, without argument, the reasons for the supplemental citations. Any response must be made, filed promptly, and be similarly limited.

First, as to Brinkley's request for fees, Brinkley asks this Court to apply the four so-called "Fogerty" factors: (1) frivilousness; (2) motivation; (3) objective unreasonableness; and (4) the need in particular circumstances to advance consideration of compensation and deterrence. *See* Dkt. No. 65 at 5–6. Attorney Madden's declaration goes to the heart of all four factors. If Plaintiff is on record as not having preserved any of the purported evidence it relies upon to file its claims, Brinkley notes that would suggest the claim was frivolous; that Plaintiff's motivations had nothing to do with the protection of a copyright and everything to do with the improper purpose of coercing innocent

victims into unreasonable settlement, as these facts certainly seem to indicate; that the complaint and the claims made therein could be— indeed, should be—deemed objectively unreasonable by this Court; and that, arguably most importantly, the goal of deterring frivolous claims would weigh in favor of a fee award to prevailing parties defendant.

Second, on December 20, 2018, this Court entered an Order to Show Cause [Dkt. No. 82] requiring Plaintiff, in relevant part, to "provide the current state of each of the Does named as Defendants in this case. . . ." On January 17, 2019, Plaintiff filed a Response to Order to Show Cause that misrepresented the status of the matters relating to Doe Number 15, Darren Brinkley, which Brinkley previously addressed with the Court. Plaintiff's responses to that Order, in the form of a status report [Dkt. No. 83] and a Response Brief [Dkt. No. 97] were deemed insufficient by this Court in its Order of March 15, 2019 [Dkt. No. 89]. Brinkley submits that the Court may wish to make further inquiry into the testimony of Mr. Perino or, at minimum, take heed of Attorney Madden's warning regarding the danger of authorizing early discovery based on form declarations. *See* Exhibit 1 at 14.

WHEREFORE, Brinkley seeks leave of this Court to file the attached Exhibit 1 as a supplement to his pending Motion for Attorney Fees, and further invites the Court to utilize the declaration in furtherance of its ongoing review of BitTorrent cases.

DATED this 28th day of March 2019.

                                       HOOLE & KING, L.C.

                                       /s/ *Gregory N. Hoole*
                                       Gregory N. Hoole
                                       Attorneys for Defendant Darren Brinkley

                LISA L. CLAY, ATTORNEY AT LAW

                /s/ *Lisa L. Clay*
                (*signed with permission*)
                Lisa L. Clay
                Attorneys for Defendant Darren Brinkley

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of March 2019, a true and correct copy of the foregoing document was filed electronically with the Court using the CM/ECF system, which sent notice of the same via email to all CM/ECF participants who have appeared in this case.

<u>/s/ *Gregory N. Hoole*</u>