Todd E. Zenger (5238)
DUREN IP
610 E. South Temple Street, Suite 300
Salt Lake City, Utah 84102
Phone: (801) 869-85358
Email: tzenger@durenip.com

Attorney for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| CRIMINAL PRODUCTIONS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> DOES 1-32, INCLUDING DARREN BRINKLEY, <br><br> Defendants. | Civil Action No. 2:17-cv-550-DN <br><br> Judge David Nuffer <br><br> **PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE  (ECF 91)** |

Plaintiff, Criminal Productions, Inc., by and through its counsel of record, submits this opposition to Defendant's motion (ECF 91) for leave to supplement Motion (ECF 65) and "further" respond to Plaintiff's Response to Order to Show Cause (ECF 83).

### A.    Summary of Opposition

Defendant's motion is not a proper DUCivR 7-1(b)(4) motion as established below. Second, there is no provision under the rules for a "further response" to an order to show cause, let alone to supplement the record with an untimely, inflammatory argument of neither a fact nor an expert witness in form of an inadmissible declaration based on the declarant's "belief." Motion ECF 91 should be denied and Ex. 1 stricken from the record in this case.

B.     Motion ECF 91 does not comply with DUCivR 7-1(b)(4)

Motion ECF 91 is neither the proper subject of DUCivR 7-1 nor incompliance with its provisions.  Defendant's transparent attempt to file supplement argument should be rejected.

**1.     Defendant's proposed submission is not the "authority" contemplated by DUCivR 7-1**

DUCivR 7-1 (b)(4) is designed to permit subsequent legal authority to be brought to the attention of the court.  The Defendant's proposed declaration is not subsequent legal authority.

An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.  *Cf. Fed. R. Civ. P. 56(c)(4)*.  That is, affidavits or declarations must be made on personal knowledge and by a person competent to testify to the facts stated that are admissible in evidence. Where facts referred to in an affidavit or declaration are contained in another document, such as a deposition, interrogatory answer, or admission, a copy of the relevant excerpt from the document must be attached.  *Id.*

"Under the personal knowledge standard, [a declaration] is inadmissible if 'the witness could not have actually perceived or observed that which he testifies to.'" *Argo v. Blue Cross & Blue Shield of Kan., Inc.*, 452 F.3d 1193, 1200 (10th Cir. 2006) (alterations added) (quoting *United States v. Sinclair*, 109 F.3d 1527, 1536 (10th Cir. 1997)). Conclusory or self-serving declarations are insufficient. See id. The court must also disregard legal conclusions. *See Summit Fin. Res., L.P. v. Kathy's Gen. Store, Inc.*, No. 08-2145, 2009 WL 2106102, at *2 (D. Kan. July 16, 2009). Additionally, statements of "mere belief in [a declaration] must be disregarded." *Argo*, 452 F.3d at 1200 (quoting *Tavery v. United States*, 32 F.3d 1423, 1427 n.4 (10th Cir. 1994) (alterations added)).

Defendant's proposed submission is improper hearsay.  The declarant acknowledges that he is not a fact witness.  The declarant admits he is not an expert witness.  The declarant provides only attorney self-serving, argument from another case. It is argument based on what the declarant "believes."  The proposed declaration is inadmissible and improper; it should not be accepted into the record and should be stricken.

2.      **Defendant's proposed submission has no "citation"**

Because Defendant's proposed submission has no "citation" there is no way for the court to access the "authority."  Citation is required to allow the court to consider the legal authority "without argument" from the submitter.

3.      **ECF 91 does not include the required reference to the page of a previously submitted memorandum to which the "citation" pertains**

Defendant includes no reference to the page of the memorandum to which the "citation" pertains.

4.      **ECF 91 is nothing but "argument" proscribed by DUCivR 7-1(b)(4)**

Defendant's proposed submission (Ex. 1 to ECF 91) is nothing but self-serving argument of third-party counsel contrary to the rules requirement that the submission be "without argument."

5.      **The  court indicated that Plaintiff's Responses to the Order to Show Cause were sufficient.**

Defendant asserts that Plaintiff's response was "deemed insufficient by this Court."  That assertion is baseless.  There is no March 15, 2019 Order stating such.  The court has indicated that the Order to Show was satisfied.

**C.**     **Conclusion**

Defendant's Motion ECF 91 should be denied and Ex. 1 thereto stricken from the  record.


DATED and duly filed via the court's ECF system: April 11, 2019.

DUREN IP


By:  ___/s/Todd E. Zenger_____
        Todd E. Zenger

        Attorneys for Plaintiff
        Criminal Productions, Inc.