IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CRIMINAL PRODUCTIONS,<br><br>Plaintiff,<br><br>v.<br><br>DOES 1-32,<br><br>Defendants. | **ORDER RE: ORDER TO SHOW CAUSE REQUIRING RESPONSIVE BRIEFING**<br><br>Case No. 2:17-cv-00550-DN<br><br>District Judge David Nuffer |

The Order to Show Cause Requiring Responsive Briefing ("OSC")[1] directed Plaintiff to file briefs responding to inquiries regarding (1) the status of this case; (2) whether Plaintiff's Complaint for Copyright Infringement ("Complaint")[2] sufficiently states plausible claims for relief; and (3) the current state of the law in BitTorrent protocol copyright infringement cases. Plaintiff timely filed briefs,[3] and a hearing was held on March 25, 2019.[4]

Plaintiff's brief regarding the case status[5] provides the information requested in the OSC. But Plaintiff's briefs regarding the sufficiency of the Complaint's allegations[6] and the current

---

[1] Order to Show Cause Requiring Responsive Briefing, docket no. 82, filed Dec. 20, 2018.

[2] Complaint, docket no. 2, filed June 7, 2017.

[3] Response to Order to Show Cause: Status Brief as to Each Defendant, docket no. 83, filed Jan. 17, 2019; Response to Order to Show Cause: Brief 2 Re Contributory Infringement Standard, docket no. 87, filed Feb. 4, 2019; Response to Order to Show Cause: Brief 3 Re State of Case Law re contributory Infringement, docket no. 88, filed Feb. 4, 2019.

[4] Minute Entry for proceedings held before Judge David Nuffer: Status Conference held on 3/25/2019, docket no. 90, filed March 25, 2019.

[5] Response to Order to Show Cause: Status Brief as to Each Defendant, docket no. 83, filed Jan. 17, 2019.

[6] Response to Order to Show Cause: Brief 2 Re Contributory Infringement Standard, docket no. 87, filed Feb. 4, 2019.

state of the law[7] are not helpful in answering the OSC's inquiries. These briefs primarily rely on factually distinguishable case law involving defendants that are owners and creators of websites that promote and use peer-to-peer file sharing;[8] internet service providers;[9] or sponsors and promoters of local community concert associations.[10] The conduct of *an individual subscriber of an IP address* is a step removed from the *conduct of an individual or entity that creates and promotes a platform* for infringement.[11] Plaintiff's briefs also do not acknowledge and cite legal authorities that are contrary to Plaintiff's position.[12] While no controlling contrary authority exists,[13] the nature of the OSC suggested that a more thorough survey of the law was appropriate.

Nevertheless, the OSC[14] is satisfied. Under Tenth Circuit Court of Appeals precedent,

a plaintiff can indirectly prove copying (in a factual sense) by establishing that a defendant had access to the copyrighted work and that there are probative similarities between the copyrighted material and the allegedly copied material. A plaintiff may meet the initial burden of establishing access by showing that the

---

[7] ; Response to Order to Show Cause: Brief 3 Re State of Case Law re contributory Infringement, docket no. 88, filed Feb. 4, 2019.

[8] *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 545 U.S. 913 (2005); *Columbia Pictures Indus., Inc. v. Fung*, 710 F.3d 1020 (9th Cir. 2013); *In re Aimster Copyright Litig.*, 334 F.3d 643 (7th Cir. 2003); *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004 (9th Cir. 2001); *Arista Records, LLC v. Usenet.com, Inc.*, 633 F.Supp.2d 124 (S.D. N.Y. 2009).

[9] *BMG Rights Mgmt. (US), LLC v. Cox Comm'ns, Inc.*, 881 F.3d 293 (4th Cir. 2018).

[10] *Gershwin Pub. Corp. v. Columbia Artists Mgmt., Inc.*, 443 F.2d 1159 (2d Cir. 1971).

[11] *Cobbler Nevada, LLC v. Gonzales*, 901 F.3d 1142, 1148 (9th Cir. 2018) (recognizing that internet service subscriber "does not fit cleanly within [the] typical contributory liability framework, which often involves consumer-facing internet platforms"); *UMG Recordings, Inc. v. Grande Comm'ns Networks, LLC*, 2018 WL 6624205, *6 (W.D. Tex. Dec. 18, 2018) (distinguishing the activities of an Internet Service Provider from an individual IP address's subscriber).

[12] *Malibu Media, LLC v. Doe*, 2018 WL 6446404 (N.D. Ill. Dec. 10, 2018); *PTG Nevada, LLC v. Chan*, 2017 WL 168188 (N.D. Ill. Jan. 17, 2017); *Elf-Man, LLC v. Cariveau*, 2014 WL 202096 (W.D. Wash. Jan. 17, 2014); *AF Holdings, LLC v. Rogers*, 2013 WL 358292 (S.D. Cal. Jan. 29, 2013); *AF Holdings, LLC v. Doe*, 2013 WL 97755 (N.D. Cal. Jan. 7, 2013).

[13] Utah R. Prof'l Conduct 3.3(a)(2) ("A lawyer shall not knowingly or recklessly . . . fail to disclose to the tribunal legal authority in the controlling jurisdiction directly adverse to the position of the client and not disclosed by opposing counsel.").

[14] Order to Show Cause Requiring Responsive Briefing, docket no. 82, filed Dec. 20, 2018.

2

defendant had a *reasonable opportunity* to view or [an] opportunity to copy the allegedly infringed work. Thus, while a plaintiff is not required to demonstrate the defendant's actual access to the work, evidence that only creates a *bare possibility* that the defendant had access is not sufficient.[15]

Plaintiff alleges that an unauthorized copy of Plaintiff's copyrighted work was made via use of a BitTorrent protocol at certain IP addresses.[16] It is reasonable to infer that the subscribers of the IP addresses had a reasonable opportunity to access the internet at the IP addresses and copy the copyrighted work using the BitTorrent protocol. Therefore, the Complaint contains sufficient allegations to state a plausible claim for direct infringement against the IP addresses' subscribers.[17] It also follows that because Plaintiff alleges that the infringer acted as part of a BitTorrent "swarm,"[18] the Complaint contains sufficient allegations to state a plausible claim for contributory infringement against the IP addresses' subscribers.[19]

However, despite sufficiently stating plausible claims for relief, Plaintiff's Complaint has not been amended to name an IP address's subscriber as a defendant. Plaintiff represented that it would amend the Complaint to identify the "true name and location" of each defendant upon

---

[15] *La Resolana Architects, PA v. Reno, Inc.*, 555 F.3d 1171, 1178 (10th Cir. 2009) (internal quotations and citations omitted; emphasis added).

[16] Complaint, docket no. 2, filed June 7, 2017.

[17] *Dallas Buyers Club, LLC v. Hudson*, 2016 WL 320918, *6 (D. Colo. Jan. 5, 2016); *Malibu Media, LLC v. Butler*, 2014 WL 3272500, *7 (D. Colo. July 8, 2014); *Purzel Video GMBH v. Smoak*, 70 F.Supp.3d 1222, 1232 (D. Colo. 2014).

[18] Complaint, docket no. 2, filed June 7, 2017.

[19] *Smoak*, 70 F.Supp.3d at 1233. However, the Complaint does not state a plausible claim of contributory infringement based on the subscribers' alleged failure to police the use of their internet service. "[This] theory both strays from precedent and effectively creates an affirmative duty for private internet subscribers to actively monitor their internet service for infringement. Imposing such a duty would put at risk any purchaser of internet service who shares access with a family member or roommate, or who is not technologically savvy enough to secure the connection to block access by a frugal neighbor. This situation hardly seems to be one of the circumstances in which it is just to hold one individual accountable for the actions of another." *Cobbler* 901 F.3d at 1149 (internal quotations omitted).

obtaining such information in discovery.[20] But this has not occurred. The defendants remain Doe Defendants known only by their IP addresses.[21]

Although the existing default certificates will not be disturbed, it is appropriate, procedurally proper, consistent with Plaintiff's representation, and a prerequisite to entry of default judgment, to require Plaintiff to file an amended complaint that names the IP addresses' subscribers as defendants.[22] Because the current Complaint does not name the subscribers as defendants, and consistent with Plaintiff's proposal at the March 25, 2019 hearing,[23] any pending motion for the entry of default judgment will be administratively terminated. Plaintiff must re-file such motions after filing an amended complaint naming the IP addresses' subscribers as defendants.

Finally, there exists a real risk that merely alleging that an IP address's subscriber is the direct or contributory infringer will lead to "false positives."[24] "Home wireless networks are ubiquitous, meaning that a single IP address can simultaneously support multiple computer devices throughout the home and, if not secured, additional devices operated by neighbors or passersby."[25] "While it is possible that the subscriber is the one who participated in the BitTorrent swarm, it is also possible that a family member, guest, or [unknown third party]

---

[20] Complaint ¶ 13, docket no. 2, filed June 7, 2017.

[21] Complaint, docket no. 2, filed June 7, 2017.

[22] *Garrett v. Fleming*, 362 F.3d 692, 697 (10th Cir. 2004) ("[The] substitution of named defendants for the original unknown 'John Doe' defendants amount[s] to adding a new party."). While it is arguable that setting aside any default judgment or consent judgment entered against a subscriber is also appropriate under FED. R. CIV. P. 60(b), this Order does not apply to subscribers for whom judgments have already entered.

[23] Minute Entry for proceedings held before Judge David Nuffer: Status Conference held on 3/25/2019, docket no. 90, filed March 25, 2019

[24] *Malibu Media, LLC*, 2018 WL 6446404, at *3; *Chan*, 2017 WL 168188, at *2; *Cariveau*, 2014 WL 202096, at *1; *Rogers*, 2013 WL 358292, at *3.

[25] *Cariveau*, 2014 WL 202096, at *1.

freeloader engaged in the infringing conduct."[26] An innocent subscriber might default by not responding to a complaint if the subscriber believes it to be baseless or if the complaint does not expressly name the subscriber as a defendant; or the subscriber might feel pressured into settlement to avoid the embarrassment of having their name publicly associated with allegations of illegal downloading.[27] Therefore, to avoid the risk of false positives, either Plaintiff's amended complaint, or any future motion for default judgment against an IP address's subscriber, must include the following information, *if available*, to enable a better evaluation of Plaintiff's entitlement to judgment:

- the efforts Plaintiff has undertaken to provide each defaulted defendant with notice of this case;
- the nature of the facility using the IP address (apartment, single-family house, business, etc.), the physical address, and the mailing address used by the internet service provider for the subscriber;
- whether the IP address is associated with a wireless router, and whether any network that the router broadcasts is secured or unsecured;
- whether individuals other than the subscriber have access to use the IP address;
- the subscriber's age;
- the subscriber's knowledge, encouragement, or inducement of third-party use of the IP address for infringement; and
- whether payment or partial payment for internet service through the IP address has been made by someone other than the subscriber.

## ORDER

IT IS HEREBY ORDERED that:

(1)     The OSC[28] is SATISFIED.

---

[26] *Id.* at *2; *see also Malibu Media, LLC*, 2018 WL 6446404, at *3.

[27] *Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239, 242 (S.D. N.Y. 2012).

[28] Order to Show Cause Requiring Responsive Briefing, docket no. 82, filed Dec. 20, 2018.

(2)      All of Plaintiff's pending motions for default judgment will be administratively terminated by the Clerk of Court.[29]

(3)      Plaintiff must file an amended complaint, with coversheet, no later than Monday, July 1, 2019[30] which identifies the true name, location, and contact information of each Doe Defendant for which a judgment or dismissal has not already entered.

(4)      Plaintiff must serve a copy of the amended complaint on each identified defendant in accordance with FED. R. CIV. P. 5(b).

(5)      After the filing of this amended complaint, any motion filed by an identified defendant to set aside the entry of default against them will be entertained.

(6)      Either Plaintiff's amended complaint, or any future motion for default judgment against a defendant, must include the following information, if available:

- the efforts Plaintiff has undertaken to provide each defaulted defendant with notice of this case.
- the facility using the IP address (apartment, single-family house, business, etc.), the physical address, and the mailing address used by the internet service provider for the subscriber;
- whether the IP address is associated with a wireless router, and whether any network that the router broadcasts is secured or unsecured;
- whether individuals other than the subscriber have access to use the IP address;
- the subscriber's age;
- the subscriber's knowledge, encouragement, or inducement of third-party use of the IP address for infringement; and
- whether payment or partial payment for internet service through the IP address has been made by someone other than the subscriber.

---

[29] Plaintiff's Motion for Default Judgment as to Certain Defendants and Memorandum in Support, docket no. 81, filed November 16, 2018.

[30] During the March 25, 2019 hearing, Plaintiff was given 90 days from the hearing to amend the complaint.

Signed April 16, 2019.

BY THE COURT

David Nuffer
United States District Judge