IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CRIMINAL PRODUCTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> DARREN BRINKLEY, <br><br> Defendant. | **ORDER GRANTING-IN-PART DEFENDANT'S MOTION FOR ATTORNEYS' FEES** <br><br> Case No. 2:17-cv-00550-DN <br><br> District Judge David Nuffer |

On June 7, 2017, plaintiff Criminal Productions, Inc. ("Productions") filed a complaint for copyright infringement against numerous Doe defendants for illegally downloading the movie "Criminal".[1] In the course of discovery, defendant Darren Brinkley ("Brinkley") was identified and named as one of the Doe defendants. After several months of pleadings, motion practice, and discovery, Productions moved to dismiss its claim against Brinkley.[2] In an order dated July 6, 2018, the claim was dismissed with prejudice.[3]

Brinkley has now filed a motion for an award of his costs and attorneys' fees in the amount of $62,818.35 as the prevailing party under 17 U.S.C. § 505 (the "Motion").[4]

**DISCUSSION**

Brinkley is the prevailing party because the claims brought against him were dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2).[5]

---

[1] Complaint for Copyright Infringement, docket no. 2, filed June 7, 2017.

[2] Request of Dismissal With Prejudice Pursuant to FRCP 41(a)(2) as to DOE 15 (IP 70.57.92.179) (Request of Dismissal), docket no. 44, filed May 7, 2018.

[3] Memorandum Decision and Order, docket no. 64, filed July 6, 2018.

[4] Defendant's Motion for Attorneys' Fees, docket no. 65, filed July 20, 2018.

[5] *See, e.g., Riviera Distributors, Inc. v. Jones*, 517 F.3d 926, 928 (7th Cir. 2008).

Pursuant to 17 U.S.C. § 505, the court may, at its discretion, award costs and fees to a prevailing party. The court's exercise of discretion is guided by four nonexclusive factors (the *Fogerty* factors): "frivolousness, motivation, objective unreasonableness, and the need in particular circumstances to advance considerations of compensation and deterrence."[6] Fee awards to plaintiffs under § 505 should encourage the types of lawsuits that promote the goals of the Copyright Act: to encourage and reward authors' creations while also enabling others to build on that work.[7]

### Evaluation of *Fogerty* Factors

Brinkley has not shown that Productions' claim against him was patently frivolous, that it was improperly motivated, or that it was objectively unreasonable. "To establish copyright infringement, a plaintiff must prove (1) ownership of a valid copyright and (2) unauthorized copying of constituent elements of the work that are original."[8] Productions attached to its complaint some evidence regarding both elements: the certificate of registration for the copyrighted work, and infringement capture logs showing that an IP address assigned to Brinkley was used to download Productions' copyrighted work.[9] These items provided bare support to the allegations, so Productions accordingly had some basis for filing a claim against Brinkley.

Brinkley contends the frivolousness of Productions' claim is evident from the fact that it was voluntarily dismissed,[10] and that no supporting evidence was produced.[11] While there are

---

[6] *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994); *Palladium Music, Inc. v. EatSleepMusic, Inc.*, 398 F.3d 1193, 1200 (10th Cir. 2005).

[7] *Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S.Ct. 1979, 1986 (2016).

[8] *Palladium Music*, 398 F.3d at 1196.

[9] Complaint for Copyright Infringement at Ex. A and B, docket no. 2, filed June 7, 2017.

[10] Motion at 5.

[11] Defendant's Reply in Support of His Motion for Attorneys' Fees at 3, docket no. 71, filed Aug. 24, 2018.

plausible explanations for the dismissal and non-production of evidence other than that the claim lacked merit, the early declared intention to dismiss the claim, excuse of an answer, and movement toward settlement, suggest the claim was not deeply supported.

The fourth *Fogerty* factor considers the need for deterrence. Productions' conduct in this action was not without fault. Productions refused to participate in discovery. Productions did not serve initial disclosures,[12] and did not respond to Brinkley's first set of document requests.[13] Before Brinkley was able to obtain an order from the court addressing these failures, Productions moved to dismiss Brinkley from the case.[14] As Brinkley argues, this avoidance of disclosure and discovery obligations is consistent with the typical litigation behavior of a "copyright troll", who targets hundreds of defendants and offers quick settlements priced so that it is less expensive for the defendant to pay the settlement than to defend the claim. Such plaintiffs often dismiss disputed cases to avoid litigation expense. This order does not adjudicate or determine whether many of Brinkley's allegations about Productions and its counsel are true.[15] But Productions should be deterred from filing lawsuits in which it declines to provide evidence to a defendant, avoiding disclosure and discovery obligations, thus forcing defendants to incur defense costs even though the defendant will never have an opportunity to mount a defense because Productions is ready to dismiss when opposition arises. The Motion will be GRANTED-IN-PART for that reason.

---

[12] Motion at 3-4.

[13] *Id*.

[14] Request of Dismissal, docket no. 44.

[15]

## Amount of Award

In determining the amount of the award, the starting point is the "lodestar" figure: "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."[16]

Three attorneys billed time on this matter. Attorney Clay billed 110.2 hours at $400/hr (minus writeoffs in the amount of $4,400.00) for a total of $40,755.00. Attorney Hoole billed 45.7 hours at $325/hr for a total of $15,692.15. Attorney Madden billed 20.1 hours at $312/hr for a total of $6,271.12. In total, Attorneys Clay, Hoole and Madden billed fees in the amount of $62,718.27.[17]

On December 14, shortly after Brinkley had been served, Productions informed him that the matter could be resolved if he would sign an affidavit swearing to his non-involvement, and provide information that might help Productions track down the person who illegally downloaded the copyrighted work using his IP address.[18] Brinkley understandably refused.[19] On December 22, Productions informed Brinkley that he need not answer the complaint pending settlement negotiations between the parties.[20] Brinkley rejected Productions' settlement overtures, and instead began vigorously litigating the case, filing an answer and counterclaim on January 12, 2018.[21] The case then exploded in defense activity. Productions communicated similar settlement-oriented messages to Brinkley on January 12, January 15, January 26, and February 2, 2018.[22]

---

[16] *Anchondo v. Anderson, Crenshaw & Assocs., LLC*, 616 F.3d 1098, 1102 (10th Cir. 2010).

[17] Motion at 8-9.

[18] Plaintiff's Opposition to Defendant's Motion for Attorneys' Fees (Opposition Mem.) at 4-5, docket no. 70, filed Aug. 14, 2018.

[19] *Id*.

[20] *Id*.

[21] Answer and Counterlclaim, docket no. 32, filed Jan. 12, 2018.

[22] Opposition Mem. at 4-8.

On each occasion, Brinkley declined the opportunity to resolve the claims against him before running up significant legal bills. On December 22, 2017, Brinkley's legal bills (from Attorneys Clay and Hoole) amounted to $2,420.00. Had Brinkley signed an exculpatory affidavit at that time, or accepted the truce proposed by Productions to engage in settlement discussions, his legal bills would not have escalated as they did.

Accordingly, the hours worked by Brinkley's attorneys after December 22, 2017, and before the order dismissing Brinkley on July 6, 2018,[23] were not reasonably incurred, and will be excluded from the lodestar calculation.

In addition, Brinkley will be awarded a reasonable fee of $2,000.00 for the fees incurred by Attorneys Clay and Hoole in preparation of the Motion.

Brinkley has not complied with DUCivR 54-2(a) and will accordingly not be awarded his costs.

### ORDER

Based on the foregoing, the Motion is GRANTED in the amount of $4,420.00. Productions is ordered to pay to Brinkley the sum of $4,420.00 within 28 days of the date of this Order.

Signed June 29, 2020.

BY THE COURT

David Nuffer
United States District Judge

---

[23] Memorandum Decision and Order, docket no. 64, filed July 6, 2018.